YARRUT, Judge.
Plaintiff, a pedestrian, sues the Defendant taxicab company and the operator of its *397 taxicab which ran into him at the intersection of Camp and Gravier Streets, in the heart of the business district in New
Orleans, to recover for medical expenses and personal injuries he sustained, itemized as follows:
1. Pain and suffering (from date of accident to day of trial) .. $10,000.00
2. Present, past and future mental anguish. 6,000.00
3. Future pain and suffering and mental anguish. 9,000.00
4. Permanent residual disability, and subsequent impairment to earning capacity . 5,000.00
TOTAL $30,000.00
Plaintiff testified the accident happened in July, 1964, about 2:30 p. m., as he was walking across Camp Street at Gravier, towards the lake; that as he advanced into Camp Street, the traffic signal light at the intersection changed from “red” for Gravier Street to “green,” and at the same time a taxicab of the taxicab company driven by the Defendant, George A. Bennett, turned left off Gravier, where it had stopped for the red light, into Camp Street at a high rate of speed. Plaintiff, when seeing the taxicab approaching him, began to run to the lake side of Camp Street in an effort to avoid being hit by the taxicab, but his effort to avoid the emergency created by the approaching taxicab was to no avail as the taxicab struck him on his left side, the taxicab’s left front fender knocking him to the ground, about eight to ten feet from the lake side sidewalk on Camp Street which he was trying to reach. Plaintiff testified he made every effort to avoid the accident by running away from the cab towards the closest curb, but to no avail.
As a result of the accident, Plaintiff contends he suffered contusions, abrasions and brush burns to his right knee, hip and shoulder, the right side of his rib cage, and to his left hip, along with a severé sprain to his lumbosacral spine; which sprain activated, aggravated, and caused pain in the area of osteo-arthritic changes of the right transverse process of the first sacral vertebra.
Defendants denied any liability for the accident, contending that Plaintiff was not in the pedestrian crosswalk when crossing Camp Street, but was running diagonally across Camp Street, quite a distance from the crosswalk.
The district judge in his Reasons for Judgment for Plaintiff, found:
1. The front end of the cab was 30 feet from the corner of the intersection of Camp and Gravier Streets.
2. The cab was stopped for a red light.
3. The cab driver had an unobstructed view of the entire scene of the accident.
4. There was no traffic.
5. The plaintiff saw the red light, noticed that there was no traffic, and started to walk across Camp Street. When he was approximately half way across, the light turned to green.
6. The driver of the cab made a left turn on the green light.
7. The plaintiff saw the cab coming at him and started to run away from the vehicle.
The court then awarded Plaintiff the following items of damage, in solido against both Defendants: Dr. Alvin Cohen, $50.00; Dr. Salatich, $150.00; Dr. James Plopkins, X-rays, $50.00; for Plaintiff’s *398 pain and suffering, $1,000.00; then allowed $100.00 each for expert’s fees to Drs. Alvin Cohen and Henry G. Butker, taxed as costs; and $277.00 medical fees to Intervenor N. O. Public Service, Inc., employer of Plaintiff, which it paid for account of Plaintiff, the same to he deducted from the $1,000.00 damages allowed Plaintiff for his personal injuries.
Defendants appealed suspensively, asking for a complete reversal of the judgment. Plaintiff appealed for an increase of the award for pain and suffering, and for the reversal, as to him, of that part of the judgment which requires that he pay $277.00 to the N. O. Public Service, Inc., (his employer) Intervenor, out of his $1,000.00 personal injury award, its claim for refund of medical expenses paid for his account, under LSA-R.S. 23:1101, 23:1102, Workmen’s Compensation Statute.
We must agree with the finding of the district judge that the accident was due solely to the negligence of the taxicab driver. Plaintiff testified he first entered the pedestrian crosswalk to cross Camp Street when the traffic light was “red” for traffic on Gravier Street, for which the taxicab had stopped; that when the light .turned “green,” he was in the crosswalk when the taxicab, on the same “green” light, made a swift turn into Camp Street towards him. In an effort to avoid being hit by the taxicab, he ran diagonally across Camp Street but, before he could complete his crossing, the taxicab knocked him down.
The law requires that vehicles, turning at an intersection, must give the right-of-way to pedestrians in the crosswalk. Defendants do not deny this rule, but contend Plaintiff was not in the crosswalk but was crossing Camp Street far from the intersection of Gravier. While we cannot agree with this conclusion from the evidence, but assuming it to be true, Plaintiff was in full view of the taxicab driver, who could and should have seen him and avoided the accident. Fireman’s Fund Insurance Co. v. Nola Cabs, Inc., 145 So.2d 580.
From the testimony we must conclude that Plaintiff, while properly crossing the intersection, saw the taxicab suddenly enter the intersection and turn in his direction. Believing he was about to be struck, he tried to escape injury by running. He failed. One who is injured while acting normally in an emergency, not of his own creation, is not held responsible for his injury if, in the emergency, he has taken the wrong course to avoid the ensuing accident. Davis v. Surebest Bakery, La.App., 38 So.2d 624.
Assuming, arguendo, that Plaintiff was not exactly in the pedestrian crosswalk, the taxicab driver had the last clear chance and duty to see and avoid hitting him. Morgan v. Domino, La.App., 166 So. 208; Harrison v. Shreveport Yellow Cab Co., La.App., 142 So. 724; Taylor v. Shreveport Yellow Cabs, La.App., 163 So. 737.
A motorist, making a turn at a controlled intersection, has the duty to proceed with caution, and give the right-of-way to pedestrians in the cresswalk. Maher v. New Orleans Linen Supply Co., La.App., 41 So.2d 101; Mahne v. Steele, La.App., 32 So.2d 761; Woodard v. Burkes, La.App., 135 So.2d 333; Davis v. Surebest Bakery, supra.
Regarding the nature and extent of Plaintiff’s injuries: Dr. Henry G. Butker was Plaintiff’s treating physician from about one hour after the accident until he was completely discharged on October 5, 1964. Plaintiff lost no wages, and only missed a day or so of work; however, he was put on lighter duty until the date of discharge. Plaintiff’s injuries were minor. The initial X-rays showed a pre-existing osteo-arthritic condition. Dr. Butker stated that when Plaintiff was' discharged to return to his regular duties on October 5, 1964, he had a “minimal amount of pain” which he explained to him was due *399 to his osteo-arthritis, and not a result of the accident. He also testified that he felt the patient was well, as far as any injuries from the accident were concerned, as of the date of discharge.
Plaintiff testified that he also saw his ■“society doctor,” Dr. Thaddeus Taylor. However, Plaintiff did not call Dr. Taylor. When Defendants subpoenaed Dr. Taylor, Plaintiff stipulated that if Dr. Taylor were called to testify, he would testify that Plaintiff never mentioned the accident or any of the injuries he received, nor did he ever mention any “loss of memory” problem, for which he seeks recovery here.
After taking Plaintiff’s deposition on March 12, 1964, Plaintiff was sent by his attorney to Dr. Blaise Salatich, who examined Plaintiff on March 23, 1965.
Thereafter, Plaintiff was fully examined, from an orthopedic standpoint, by Dr. Irvin Cahen on April 20, 1965. Dr-. Cahen found that Plaintiff had no residual disability resulting from the accident on July 21, 1964. His only objective findings were either developmental growth factors or degenerative .and pre-existing conditions. Plaintiff did ■not mention to Dr. Cahen that he had any mental problem on April 20, 1965.
Five days before the trial (June 11, 1965) Plaintiff was sent by his attorney to a psychiatrist, Dr. Alvin Cohen, whose ■examination lasted about forty-five min-utes, during which time the history, on -which his entire testimony was based, was ■given to him by both Plaintiff and his -wife. This doctor’s testimony was about Plaintiff’s “remembering problem.”
Plaintiff lost no wages as the result of the accident and, consequently, was not •entitled to workmen’s compensation, only medical expenses; since he returned to light work a few days after the accident, ■and was fully recovered by October 5, 1964, as was testified by his treating physician.
We must agree with the finding of iacts by the district judge and his award of damages, with the exception that the medical expenses paid for account of Plaintiff by his employer, N. O. Public Service, Inc., who intervened under the Workmen’s Compensation Law, LSA-R.S. 23:1101, 23:1102, cannot be deducted from the $1,-000.00 damages allowed Plaintiff for his personal injuries, but must be paid by Defendants to the New Orleans Public Service, Inc., Intervenor, and not deducted from the $1,000.00 allowed Plaintiff for personal' injuries.
Accordingly, the judgment of the district court is amended only to relieve Plaintiff from tire payment of $277.00 to the N. O. Public Service, Inc., and judgment is now rendered in favor of N. O. Public Service, Inc., and in solido against Toye Brothers Yellow Cab Company and George A, Bennett for $277.00, with legal interest from judicial demand; otherwise the judgment is affirmed; costs in both courts to be paid by Defendants.
Judgment amended and affirmed.