HALL, Judge.
This suit for damages arises out of an accident in which the seventy-seven year old plaintiff, Arnold W. Cockerham, Sr., while walking across a street at an intersection on a green light, was struck by a vehicle driven by defendant, Lawrence Koelemay, Jr., and insured by defendant, Continental Insurance Company. From a judgment in favor of plaintiff for $9,500, defendants appealed. Plaintiff answered the appeal asking for an increase in the award. We affirm the judgment of the district court.
The facts of the case are relatively simple and not seriously disputed except as to minor details. The accident occurred at the intersection of Ockley Drive and Akard Street in Shreveport. Ockley Drive runs generally east and west. Akard Street runs generally north and south. Defendant, Koelemay, was proceeding in a northerly direction on Akard and stopped for a red light. After the light changed to green, he commenced a left turn in order to proceed westerly on Ockley. He observed several children walking south crossing Ockley Drive and he stopped his automobile just short of an extension or projection of the west sidewalk of Akard to let the children go by. After the children passed in front of his car, defendant took his foot off the brake and the car, equipped with automatic transmission, moved forward without being accelerated by defendant and struck plaintiff who was also walking south across Ockley Drive behind the children, knocking plaintiff to the pavement. Defendant immediately applied his brakes when he saw plaintiff for the first time at the moment of impact.
Plaintiff had been walking south on the west side of Akard. He stopped for the red light. There were one or more children also stopped at the corner waiting for the light to change. When the light changed to green, the child or children started on across and plaintiff started walking across behind them. Plaintiff testified he never saw defendant’s car until the moment of impact.
The evidence is not clear as to the exact point of impact, but it is clear that plaintiff was struck in the westbound lane of Ockley closest to the north curb, there being two westbound lanes. It is also clear that the point of impact was at the front of defendant’s automobile, which only moved forward a few feet from its stopped position. From these facts we readily conclude that plaintiff had stepped into the street and had begun to walk across it at the time defendant took his foot off the brake and moved forward.
The district court correctly held that defendant, Koelemay, was guilty of negligence which was a proximate cause of the accident. A motorist making a turn at a controlled intersection has the duty to proceed with caution and give the right of way to pedestrians in the crosswalk. Collins v. Toye Brothers Yellow Cab Company, 183 So.2d 396 (La.App. 4th Cir. 1966). Defendant was negligent in failing to observe plaintiff crossing the street; in failing to accord plaintiff the right of way; and in allowing his automobile to proceed through the pedestrian crosswalk while *667 pedestrians, including plaintiff, were walking across the street. Undoubtedly, the attention of defendant, who testified in a straightforward and conscientious manner, was directed toward the children, but this does not excuse his failure to also observe plaintiff and to remain stopped until plaintiff crossed the street in safety.
Counsel for defendants vigorously and capably urges that plaintiff was con-tributorily negligent in failing to observe the defendant’s automobile making its left turn and in walking in front of or into the side of defendant’s automobile. Unquestionably, plaintiff is held to have seen what he should have seen and he should have observed defendant’s automobile commence its left turn and stop to let the pedestrians cross. However, what plaintiff would have seen had he looked would have been defendant’s automobile stopped to allow the pedestrians to cross. Plaintiff had every right to assume that defendant would remain stopped and would not violate his right of way and proceed forward in the face of crossing pedestrians. Plaintiff did not step into the street and walk into the side of or in front of defendant’s moving automobile. He was in the street at a time when the automobile was stopped. Plaintiff’s failure to see the defendant’s stopped automobile was not a proximate cause of the resulting accident and, therefore, he is not barred from recovery.
The district court awarded plaintiff $9,500 which included special damages. Plaintiff was thrown to the pavement by the impact and was taken to the hospital in an ambulance. He remained in the hospital for about a week. He was examined and treated by Dr. Shipp, an internist and neurological specialist, and by Dr. Norris, an orthopedic specialist. On the date of the accident, Dr. Shipp, who had been treating plaintiff for a palsy condition known as Parkinsonism, found that plaintiff had multiple contusions over the body as a whole and was in a great deal of pain consisting primarily of headache, chest pain and back pain. During subsequent examination and treatment, Dr. Shipp was of the opinion plaintiff sustained fractured ribs and a head injury of the severity of a concussion or worse. From his examination on the date of the accident, Dr. Norris was not able to identify any fractures and diagnosed his injuries as multiple contusions and bruises, some muscle contusions, some muscular and ligament sprain, superimposed on preexisting arthritis. Dr. Norris noted that rib fractures often do not show up on x-rays until several days after the injury.
Plaintiff continued to experience pain in his chest and in his lower back and down his right leg for an extended period of time after the accident. Dr. Shipp was of the opinion he had some kind of sciatic nerve injury or damage or disc involvement. Plaintiff had numerous other complaints and his general physical and mental condition deteriorated fairly rapidly after the accident.
At the time of the accident plaintiff was seventy-seven years old and was suffering from Parkinsonism and a moderate amount of arteriosclerosis. However, Dr. Shipp characterized him as being bright and alert and as doing exceptionally well for his age. Plaintiff lived by himself, was able to attend to his personal needs and frequently took long walks as he was doing at the time of the accident. Dr. Shipp described the accident as the turning point in his medical care in which he went from being a cheerful, alert individual into being someone who in a few months time was unable to care for his personal needs. Within a few months plaintiff was no longer able to live by himself and moved in with his daughter and her husband. He was limited in his ability to attend to his personal needs such as dressing himself and his walking and other physical activities were substantially limited. Dr. Shipp frankly testified that it was difficult to define exactly how much of his deteriorating condition was due to his advancing age and preexisting difficulties and how *668 much was due to the accident. Nevertheless, Dr. Shipp was of the opinion the accident contributed substantially to plaintiff’s deteriorating mental and physical condition and that it may have shortened his life as much as two years.
We are convinced from the evidence that the results of the injuries to plaintiff sustained in this accident were relatively severe. We find the award made by the district court to be reasonable and neither too high nor too low. Certainly, it does not amount to an abuse of the trial judge’s much discretion in either direction.
For the reasons assigned, the judgment of the district court is affirmed.
Affirmed.