AYRES, Judge.
Plaintiff instituted this action to recover damages for personal injuries allegedly sustained by him in an accident of December 14, 1955. From a judgment in the sum of $1,639.90 in plaintiff’s favor, defendant appealed.
This is a companion suit to Stroud v. Standard Accident Insurance Co., La.App., 90 So.2d 477, and Womack v. Standard Accident Insurance Co., La.App., 90 So.2d 481. All.of. these cases arose out of the same accident. Plaintiff herein was the driver of the truck which collided with the car in which Verna Lee Stroud was riding. Womack was the owner of the truck driven by plaintiff.
Two questions are presented for determination on this appeal: (1) That of liability of the defendant and (2) that of causal connection or relationship between the aforesaid accident and the disabilities claimed by plaintiff to have been sustained by him. Perhaps, more appropriately stated, the second issue is whether or not plaintiff has sustained his burden of proof in establishing that he sustained injuries in the aforesaid accident.
The first issue has been adversely determined to defendant’s contention in the aforesaid cases. No evidence has been produced warranting a conclusion different from that already reached.
The second issue presents the more serious question. In this connection it may be again observed that the automobile involved in the collision struck the truck driven by plaintiff near the real', knocking the rear wheels from underneath the truck bed, the rear end of which dropped to the pavement. No force of the impact was applied near the cab, where plaintiff was sitting, or to the front end of the truck.
There is no substantial proof that plaintiff sustained injuries as a result of the accident. Following the accident, plaintiff continued to work another week in December and another in January. There is no evidence that plaintiff made any complaints at the scene of the accident or at any time thereafter to any one at his home or with whom he came in contact in the course of his employment that he sustained injuries in said wreck. There is not one scintilla of evidence that he suffered, as .alleged, any bruises, brush burns or sprains over his body. Neither does plaintiff in his own testimony claim that he sustained his alleged injuries and disabilities in the aforesaid accident. In the testimony of his employer, it is not claimed that any complaint was made by plaintiff that he sustained injuries in this accident. Neither plaintiff’s wife nor any one of his five children testified on his behalf.
*783 The evidence, however, does disclose that plaintiff did not seek medical treatment until April 5, 1956, or 11 days prior to the date he instituted this suit, when he consulted Dr. D. F. Overdyke, Jr., an orthopedist, who found, from an X-ray examination, a lordo-sis to a very limited extent of the lumbo-sacral angle, and some narrowing of the lumbosacral joint interspace, the existence of which, in his opinion, had no connection whatsoever with the accident, but, from the history of the accident related to him by plaintiff, he concluded that plaintiff “undoubtedly suffered an acute sprain of the lumbo-sacral spine at the time of the accident described in the history.” This, he says, was superimposed on a somewhat narrow, moderately lordotic lumbosacral joint, which has made the symptoms a little more severe and somewhat more prolonged than would have been present in an average back.
Dr. Overdyke suggested, however, that plaintiff be fitted with a spinal brace for a period of six weeks. This was supplied on April 10, following which, on May 10, 1956, plaintiff again returned to Dr. Overdyke, who, in his examinations, found no evidence of muscle spasms indicative of the presence of pain. The only manipulation producing a complaint of pain was a passive extension of the pelvis on the lumbar spine, which produced a complaint of pain in the lumbo-sacral region.
Plaintiff made no complaint, as aforesaid, to those with whom he came in contact immediately following the accident that the impact caused a sudden snatch in the region of his lower back, with a stinging, burning pain, such as he related to Dr. Overdyke some four months following the accident. Such are symptoms, as the Doctor stated, generally immediately following a strain or sprain in the lumbosacral area. There was no evidence of any fracture or dislocation.
Dr. W. H. Pierson examined plaintiff at his attorney’s request on May 21, 1956, who concluded that, at the time, plaintiff was unable to discharge the duties of his former employment. There were no objective signs of any injury at the time of his examination. All the symptoms were subjective, by which it was meant that the examining physician must rely entirely upon what the patient told him.
The substance of the expert testimony is that plaintiff’s complaints and the disabilities with which they found he was suffering at the time of their examinations may have been traceable to an accident, and, since no history of an accident was given other than that of December 12, 1955, they concluded that his condition was brought about and/or aggravated by the aforesaid accident. From the opinions of these two physicians, the most that can be concluded is that there is a possibility that plaintiff may have suffered pain and sustained disability from ailments produced or aggravated by the accident.
The burden of proof is upon plaintiff, and, as has been declared in a long line of decisions, it is not sufficient for a plaintiff to make out a case that is merely probable but the requirement is that he must establish his case by a preponderance of evidence with legal certainty. Spears v. Brown Paper Mill Co., Inc., La.App., 9 So.2d 332; Powell v. American Employers Ins. Co., La.App., 14 So.2d 333; White v. Delta Shipbuilding Co., Inc., La.App., 24 So.2d 497; Pierce v. Delta Tank Mfg. Co., La.App., 39 So.2d 908; Franks v. Department of Highways for Louisiana, La.App., 43 So.2d 491; Driggers v. Coal Operators Casualty Co., La.App., 73 So.2d 602; Higgs v. Monroe, La.App., 77 So.2d 555.
There is, therefore, an incontrovertible rule well established in the jurisprudence of this State that the plaintiff in an action in tort, as in other cases, bears the burden of proof; he is required to establish his claims to a legal certainty by a reasonable preponderance of the evidence. Mere possibilities and even unsupported probabilities are insufficient to support a judgment. Roberts v. M. S. Carroll Co., Inc., La.App., 68 So.2d 689.
Under the facts and circumstances of this case, as disclosed by the record, we can *784 only conclude that plaintiff has failed to establish his claim by the requisite preponderance of evidence. The most that can be aid in support of plaintiff’s position is that he may have established a slight possibility of his having sustained a minimum of disability resulting from an accidental injury, but that the proof offered utterly fails to establish beyond a mere possibility that such disability was produced or aggravated by or resulted from the collision in which he was involved with defendant’s assured’s vehicle. Speculation, conjecture, mere possibility and unsupported probability are not sufficient to support a judgment. Roberts v. M. S. Carroll Co., Inc., supra.
For these reasons, the judgment appealed is annulled, avoided, reversed and set aside, and, accordingly, plaintiff’s demands be and they are hereby rejected and his suit dismissed at his cost in both courts.
Reversed.