FRUGÉ, Judge.
This case involves three consolidated suits arising out of a vehicular collision in Acadia Parish, between Ulric Prather and Allen W. Foreman.
In the first suit (#3603), Employers Mutual Liability Company of Wisconsin was awarded judgment against Ulric Prather and his insurer, United States Fidelity & Guaranty Company, for the sum of $320.36 paid for medical expenses incurred by Allen W. Foreman and $308.57 paid to him for workmen’s compensation.
In the second suit (#3604), Southern Farm Bureau Casualty Insurance Company and Louisiana Farm Bureau Federation was awarded judgment against the same defendants in the sum of $216.50 for property damages paid by the former and the $50 deductible paid by the latter for repairs to Foreman’s automobile.
In this suit, Foreman was awarded judgment against the same defendants for $1750 for pain and suffering and $675 for loss of wages. Defendants have appealed all judgments contending that plaintiff’s negligence bars recovery in all three cases. Alternatively, defendants seek a reduction in the award for pain and suffering and seek credit for the workmen’s compensation payments received by plaintiff. We amend and affirm.
There is no contest over the actual negligence on the part of the defendant, Ulric Prather. However, there is an issue involving the actual manner in which he performed his negligent act.
The accident occurred on Highway 370, which is a hard-surface two-lane highway running generally in an east-west direction. The highway where the accident occurred was straight and level. The accident occurred at approximately 10:15 a. m. on July 25, 1969, when the weather was clear and dry.
The defendant, Prather, had been visiting at his neighbor’s, who lived across the high *582 way from him, and was in the process of returning to his residence located on the south of the highway when the accident occurred. He backed onto the highway from his neighbor’s private driveway located on the north side of the highway and then proceeded to his driveway by traveling easterly along Route 370 for approximately 190 feet to the turn into his own driveway located on the south of the highway. Mr. Prather did not observe plaintiff approaching him from the rear and gave no indications of a turn, either to the left or the right. His speed before the accident was approximately 15 miles per hour. He was in the act of negotiating the right turn into his driveway when the accident occurred.
Appellants contend that Mr. Prather was crossing the highway diagonally and when the accident occurred, plaintiff, Foreman, was in the process of passing on the right side.
The evidence clearly indicates the impact occurred in the south lane of the highway. Principally, the damage resulting to the vehicles was to the left front of the Foreman vehicle and to the right front side of the pick-up of the defendant, Mr. Prather.
The trial judge concluded that Mr. Prather was not actually crossing the highway diagonally but was proceeding east in the westbound lane and was executing an un-signaled right turn from that position into his own driveway; that Foreman performed as a normal, prudent person would have under the circumstances and that he did not have to anticipate that Prather would make a right turn from the left lane.
Plaintiff, Allen W. Foreman, was driving easterly along the same route at approximately 60 miles per hour. He observed Mr. Prather when he backed out into the highway and began his journey eastward in the wrong lane. When he first observed the vehicle, he was a safe distance to the west. He testified that when he observed the vehicle entering the highway he slowed down and sounded his horn once, but did not sound his horn any further after the first blast. He testified that he slowed down because he was not sure what Prather was doing, but since it is unusual for people to drive on the left side of the highway before making a right turn, he concluded that Prather was going to turn left or pull to the left side of the road. Foreman continued to proceed in his own lane at a reduced rate of speed. When he got closer to the defendant and was driving about the same speed as the defendant, he thought he observed a hand gesture made by Prather’s right hand, which he interpreted to mean for him to proceed on by. This observation, combined with the fact that he had already sounded his horn, convinced him that the defendant had seen him and was waving him on around. The trial judge apparently chose to believe the plaintiff, and we are not in the position to reject his conclusion in the absence of clear and determinative proof to the contrary.
The trial judge concluded, and we think rightfully so, that the defendant failed to prove that the plaintiff was contribu-torily negligent. The balance of the evidence is in favor of that conclusion.
Appellant contends that plaintiff had the last clear chance to avoid the accident. However, the implication of words labeling the doctrine is not the doctrine. The doctrine of last clear chance is merely a device to circumvent the harshness of the contributory negligence rule and most commonly is applicable where the defendant did discover or should have discovered plaintiff’s self-created peril in sufficient time to have avoided the harm to the plaintiff. The principle is not applicable as in the instant case where the plaintiff is not contributorily negligent. Williams v. City of Baton Rouge, 252 La. 770, 214 So.2d 138 (1968).
Appellant has argued that the amount of $1,750 awarded by the trial court was excessive; however, we find this issue so insubstantial we do not feel it necessary to go into it in depth in discussion, but *583 agree with the trial judge in his assessment of the award.
Appellant has also pointed out that the judgment failed to give a credit against Foreman’s loss of wages award for the amount already received by him in compensation. The judgment accordingly must be reduced by the sum of $308.57 already received by plaintiff Foreman as compensation.
For the foregoing reasons, the decision appealed from is reduced by $308.57, and in every other aspect is affirmed. The appellants to pay all costs.
Amended and affirmed.