385 So.2d 238 (1980)
Marjorie FONTENOT
v.
HANOVER INSURANCE COMPANY.
No. 66425.
Supreme Court of Louisiana.
June 23, 1980.
Christopher B. Fruge, Fruge & Vidrine, Ville Platte, for plaintiff-applicant.
*239 Keith M. Borne, Allen, Gooch & Bourgeois, Lafayette, for defendant-respondent.
DENNIS, Justice.[*]
The issue presented by this case is whether an employer or his insurer is entitled to reimbursement for medical expenses paid under the workers' compensation statute out of his employee's judgment against a third party tortfeasor for damages for her pain and suffering. We conclude that the court of appeal erred in requiring such a reimbursement and reverse its judgment. The underlying policy of the workers' compensation statute provisions for apportionment of damages between employer and employee in suits against third persons merely prevents an employee's double recovery for his injuries; it does not require an employee to reimburse out of his award for pain and suffering medical expenses which he failed to recover from a third party tortfeasor.
Plaintiff, Marjorie Fontenot, received an injury to her right hand during her employment when she tripped on an elevated portion of a sidewalk maintained by the Evangeline Parish Police Jury. She sued the jury's liability insurer, Hanover Insurance Company, in tort. Fireman's Fund Insurance Company, workers' compensation insurer for Mrs. Fontenot's employer, intervened seeking reimbursement of compensation and medical expenses paid as a result of the accident.
The trial court awarded Mrs. Fontenot judgment against Hanover, the police jury's insurer, as follows: $30,000.00 for pain and suffering, $4,000.00 for loss of future earnings, and $5,638.17 for loss of wages. The intervenor-workers' compensation insurer was awarded judgment against Hanover of $6,733.18 as reimbursement for payment of Mrs. Fontenot's compensation benefits and medical expenses. All parties appealed. The court of appeal refused to alter the judgment awarded Mrs. Fontenot against Hanover, but it amended the trial court judgment to provide that the intervenor-compensation insurer shall be reimbursed in preference and priority from the judgment for all benefits and medical expenses paid to Mrs. Fontenot or in her behalf prior to the time the judgment is actually satisfied. 378 So.2d 461 (La.App. 3d Cir. 1979).
We granted Mrs. Fontenot's application for writs to determine whether the court of appeal correctly required reimbursement of the compensation insurer for medical expenses from plaintiff's award, which did not include recovery for that item. We also granted the writ to review the adequacy of the trial court award for loss of future earnings which was affirmed by the appeals court. After examining the record and hearing the arguments, we have decided that the court of appeal correctly disposed of the latter issue for the reasons assigned in its opinion.[1]
The workers' compensation statute seeks to facilitate employee and employer suits against third persons by providing essentially: (1) the payment of compensation does not affect an employee's claim against a third person, La.R.S. 23:1101; (2) an employer may sue third persons to recover amounts paid as compensation, id.; (3) the employer or employee is obliged to give notice to the other of filing of such a suit, La.R.S. 23:1102; (4) in such a suit the claim *240 of the employer for compensation actually paid shall be preferred. La.R.S. 23:1103.
The underlying policy of the apportionment scheme in providing that an employer's claim for reimbursement of compensation actually paid shall take precedence is merely that the employee should not be compensated doubly for the same element of his damages. Roberson v. Fontenot Petroleum Co., Inc., 322 So.2d 287 (La. App. 1st Cir. 1975) writ refused 325 So.2d 277 (La.1976). It does not appear that the legislature intended for the employer to be reimbursed from the employee's award for items which the employee has not recovered from the third person. See, e. g., Simmons v. Travelers Ins. Co., 295 So.2d 550 (La.App. 3d Cir. 1974) writ denied 299 So.2d 795, 796 (La.1974); Carlisle v. Employer's Mutual of Wausau, 220 So.2d 152 (La.App. 4th Cir. 1969); Collins v. Toye Bros. Yellow Cab Co., 183 So.2d 396 (La.App. 4th Cir. 1966); Malone & Johnson, Louisiana Civil Law Treatise, Workers' Compensation, §§ 369, 183 (1980).
Applying this statutory construction in the present case, we conclude that the court of appeal erroneously awarded reimbursement to the employer's compensation insurer for medical expenses to be paid out of Mrs. Fontenot's damage award for pain and suffering. Since Mrs. Fontenot was not awarded any amount for medical expenses, the compensation insurer was not entitled to enforce his right to preferential payment of this particular claim by deducting it from her recovery. Instead, the compensation insurer was entitled to judgment directly against the third person for any medical expenses not included in the award to plaintiff-employee.
Fireman's Fund is due to be paid in preference for weekly compensation benefits already paid from the award of damages made to Mrs. Fontenot. Under La. 23:1103 the excess in damages awarded over the amount paid to Fireman's Fund in preference is awarded to the plaintiff. When that amount is paid to her, the liability of Fireman's Fund for compensation ceases for an equal portion of compensation due and is satisfied by that payment. While the trial judge made an award to Fireman's Fund for reimbursement of medical expenses and weekly compensation payments already made he did not mention the credit due Fireman's Fund for future compensation obligations as set out in La. R.S. 23:1103. Rather, the trial judge awarded Fireman's Fund judgment against Hanover Insurance for $6,733.18 as reimbursement for payments already made of $2,913.84 for weekly compensation benefits and $3,819.34 for medical expenses. The court of appeal modified the trial court judgment and awarded Fireman's Fund a credit for future worker's compensation obligations against the excess of Mrs. Fontenot's judgment over the amounts already paid by Fireman's Fund in worker's compensation obligations. In making this apportionment, however, the court of appeal assumed that the trial court award of $6,733.18 to Fireman's Fund was to be paid from Mrs. Fontenot's award and not in addition to it.
A determination of the total amount required to fully repair the damages caused to the plaintiff must be made before the apportionment of this amount between the employer and the plaintiff as required by La.R.S. 23:1103. However, we are unable to make a clear determination of the total amount of damages suffered by plaintiff as found by the trial judge. The record does not clearly support the court of appeal's conclusion that the trial court found that $39,638.17[2] was the total amount required to fully repair Mrs. Fontenot's damages. The record is also susceptible of the view that the trial judge found the total damages to be $46,371.35,[3] in which case the court of appeal would have been incorrect *241 in deducting anything from Mrs. Fontenot's net award of $39,638.17. Accordingly, we will remand the case to the trial judge to recast the judgment in accordance with his determination of the total amount required to repair the damages caused to Mrs. Fontenot.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
WATSON, J., recused.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
La.R.S. 23:1103 provides that "damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent." (Emphasis added.) In the instant case, the trial judge determined that Fireman's Fund Insurance Company, the workmen's compensation insurer, actually paid $6,733.18 as compensation for plaintiff's injury. Therefore, Fireman's Fund Insurance Company should be entitled to the first $6,733.18 recovered by plaintiff. Accordingly, I respectfully dissent.
NOTES
[*] The Honorable Frederick Stephen Ellis participated in this decision as an Associate Justice pro tempore.
[1] "Before an appellate Court can disturb a damage award, the record must clearly reveal that the trial court abused its `very great discretion'. Reck v. Stevens, 373 So.2d 498 (La. 1979). With respect to plaintiff's earning capacity, the evidence presented clearly shows that it has been diminished to some extent. She is no longer the proficient typist that she was before her injury. Furthermore, her ability to lift and manipulate objects such as large books or ledgers is restricted. However, despite the disability in her hand and the psychological problems associated with that handicap, she is not totally disabled. She can still perform most if not all common secretarial duties. Under these circumstances, we cannot say that the trial court's award of $4,000 for this loss is clearly an abuse of its discretion." 378 So.2d at 464. See Wilson v. Magee, 367 So.2d 314 (La.1979); Coco v. Winston Indus., Inc., 341 So.2d 332 (La.1977).
[2] This figure of $39,638.17 is the sum of awards of $30,000 for pain and suffering and $9,638.17 for loss of past and future wages. According to the court of appeal the award by the trial court of $6,733.18 to Fireman's Fund is included in the award of $39,638.17.
[3] This is the sum of awards of $39,638.17 and $6,733.18.