416 So.2d 286 (1982)
Wiley R. STEWART, Plaintiff-Appellant,
v.
HANOVER INSURANCE COMPANY, et al., Defendant-Appellant,
Calcasieu Parish School Board, Intervenor-Appellee-Appellant.
No. 8810.
Court of Appeal of Louisiana, Third Circuit.
May 26, 1982.
Rehearing Denied July 21, 1982.
*287 R. Keith Findley, Lake Charles, for plaintiff-appellant-appellee.
Plauche, Smith, Hebert & Nieset by Reid K. Hebert, Lake Charles, for defendant-appellee-appellant.
Gregory W. Belfour, Lake Charles, for defendant-appellee.
Before DOMENGEAUX, CUTRER and SWIFT, JJ.
DOMENGEAUX, Judge.
Plaintiff, Wiley R. Stewart, instituted this tort action for damages resulting from injuries he sustained on April 7, 1978, in a trip and fall accident at W. O. Boston High School in Lake Charles, Louisiana, where he was employed as football coach. Defendants *288 were Port City Construction, Inc., Hicks-Sims Plumbing Company (Hicks-Sims) and its insurer Hanover Insurance Company. The Calcasieu Parish School Board, employer of plaintiff, intervened to recover benefits paid to plaintiff under the Louisiana Workmen's Compensation Act.
After plaintiff rested his case at trial, Port City Construction Company filed a motion to dismiss plaintiff's claim against it which was granted by the trial court. No appeal is taken from that judgment.
Following trial, the district judge found that plaintiff's accident was caused through the negligence of defendant Hicks-Sims' employees and rendered judgment against defendants in the amount of $32,674.90 with legal interest plus costs. Additionally, the trial court granted judgment in favor of intervenor for expenses and compensation paid which were associated with plaintiff's fall, in the amount of $10,255.81, representing $5,720.00 and $4,535.81 for compensation and medical expenses respectively.
From this judgment the following appeals have been taken:
(1) Plaintiff appeals contending that the trial judge erred in excluding recovery for plaintiff's neck injury; the award of the trial court was inadequate; and intervenor's award was excessive.
(2) Defendants appeal contending that the award for future medical expenses was unsupported by the evidence and the award of general damages was excessive.
(3) Intervenor answers both appeals contending that the award to plaintiff was inadequate and that the award to intervenor was likewise inadequate. We reverse in part and affirm in part.
Plaintiff's first contention is that the trial court erred in excluding recovery for his cervical condition. We disagree.
All of the physicians who testified at trial agreed that had plaintiff injured his neck in the April 7, 1978 fall he would have experienced symptoms associated with such injuries within a short period of time, i.e., one to two weeks. Contrarily, Doctor Phillips, who treated plaintiff for ten months following his accident, testified that plaintiff did not have any complaints of pain or injury to his neck.[1]
Doctor Phillips examined plaintiff in the emergency room on the day of the accident. Again on April 11, 1978, and on April 19, 1978, Doctor Phillips saw plaintiff about complaints which he was having concerning swelling of his knee. Doctor Phillips saw plaintiff next towards the end of May of 1978, when plaintiff complained of pain in the low back and down his right leg. The patient was also seen in August and September of that same year, and he had the same complaints. In November of 1978 plaintiff was hospitalized for two weeks by Doctor Phillips for treatment and therapy for his lower back problems which persisted. Plaintiff last saw Doctor Phillips in January of 1979 and at that time plaintiff was still complaining of lower back and leg pains only.
Throughout the period that Doctor Phillips treated plaintiff, he was not complaining of pain associated with cervical spine problems. As such, the evidence conclusively shows that plaintiff's neck injury was not sustained in the accident in question, and therefore, we agree with the trial judge who excluded recovery for plaintiff's cervical spine problems.
Secondly, plaintiff contends that the trial judge erred in failing to adequately award damages for lost wages.
Having excluded damages associated with plaintiff's cervical injuries, the trial judge awarded plaintiff $4,639.09 in damages for wages lost resulting from plaintiff's back injuries. This figure represents forty-one days of sick leave taken from 1978 to 1981. The trial judge properly excluded any loss of wages resulting from *289 plaintiff's sabbatical leave since such leave evidently was not necessitated by plaintiff's back injury, but rather arose out of his cervical spine problems. We find no error in this award.
Next plaintiff complains that the $15,000.00 award for general damages is grossly inadequate and should be increased. Defendant, on the other hand, suggests that the award is excessive. A close review of the record reflects that although plaintiff experienced great pain and discomfort from his lower back injuries, he was well on his way to complete recovery in January of 1979. When Doctor Phillips last saw plaintiff he felt that plaintiff would be able to return to his regular duties as football coach. Most of plaintiff's problems (neck injury) which persisted were unrelated to the accident in question. Considering this, we cannot say that the trial judge abused his discretion in his award of general damages, therefore, we affirm that award. Reck v. Stevens, 373 So.2d 498 (La.1979); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977).
On appeal defendants contend that the award for future medical expenses was unsupported by the evidence, and therefore, it should be excluded. We agree.
It is axiomatic that in order to recover damages in a tort action, as in other cases, plaintiff bears the burden of establishing his claims to a legal certainty by a reasonable preponderance of the evidence. Mere possibilities and even unsupported probabilities are insufficient to support a judgment. See Wilson v. Standard Accident Insurance Company, 92 So.2d 781 (La. App. 2nd Cir. 1957) and the cases cited therein.
Upon review of the facts, as disclosed by the record, we can only conclude that plaintiff failed to establish his claim for future medical expenses by the requisite preponderance of evidence. None of the physicians who examined plaintiff personally or who reviewed his medical records testified that any additional surgery on plaintiff's lower back would be necessary. To the contrary, all of the physicians who examined and/or treated plaintiff for his lower back problems agreed that plaintiff had fully recovered and could return to his regular duties as coach. Both Doctor Phillips, plaintiff's treating physician (orthopedic surgeon), and Doctor Starr (neurologist), who examined plaintiff at Doctor Phillips' request, recommended against surgery. There was simply no evidence introduced which suggests that plaintiff's accident related injuries might mandate further medical care. Additionally, plaintiff failed to introduce any evidence establishing the cost of future medical care if required. Consequently, we find that the trial judge abused his discretion in awarding damages for future medical expenses, and therefore, the judgment of the trial court must be reduced accordingly.
Finally, plaintiff appeals contending that the trial court erred in its excessive award to intervenor (School Board). The School Board answers contesting that its award was inadequate.
Plaintiff avers that it was manifestly erroneous for the trial judge to award plaintiff only $4,639.09 for lost wages and then in turn grant intervenor judgment of $5,720.00 for weekly compensation payments made to plaintiff for the same period of time, and cites Fontenot v. Hanover Insurance Company, 385 So.2d 238 (La.1980).
As we interpret Fontenot, supra, it is inapplicable to the case at bar. Fontenot stands for the proposition that an employee is not required to reimburse his employer for paid medical expenses out of his (employee's) award for pain and suffering when the employee has failed to recover medical expenses from a third party tortfeasor. The same is not true, however, for weekly benefits paid, which, are recoverable out of the award to the employee for pain and suffering, lost wages, or out of general damages. Foreman v. United States Fidelity & Guaranty Company, 253 So.2d 580 (La.App. 3rd Cir. 1971). In view of the above, we find no error on the part of the trial judge in granting intervenor judgment for compensation payments in excess of the amount awarded plaintiff for lost wages.
*290 Lastly, we find intervenor's claim of inadequate reimbursement is without merit. The trial judge having excluded recovery for plaintiff's cervical problems properly disallowed reimbursement for weekly compensation and medical expenses paid which were not associated with plaintiff's lower back injuries. The judgment awarded intervenor reflects such, accordingly, we affirm.
For the above and foregoing reasons the judgment of the district court is reversed insofar as it grants plaintiff judgment of $8,500.00 for future medical expenses. In all other respects the judgment is affirmed. Costs on appeal are assessed one-third (1/3) to plaintiff, Wiley Stewart, one-third (1/3) to defendants, Hicks-Sims and its insurer Hanover Insurance Company, and one-third (1/3) to intervenor, Calcasieu Parish School Board.
REVERSED IN PART, AND AFFIRMED IN PART.
NOTES
[1] Doctor Phillips is also of the opinion that had plaintiff injured his neck in his fall thereby triggering his degenerative arthritis the injury would not remain asymtomatic for more than one to two weeks. According to Doctor Phillips, an injury of this type would manifest symptoms within a couple of days.