FORET, Judge.
Plaintiff, Edward Brooks, Jr., was injured while working for Natchitoches Warehouse and Compress, Inc., when a cotton bale fell from the top of a truck and landed on him. Following the accident, plaintiff received worker’s compensation benefits from Natchitoches Warehouse and Compress’ worker’s compensation insurer, Fireman’s Fund Insurance Company. Brooks filed the present action against A.J. Chicóla d/b/a Chicóla Moving & Storage, the hauler of the dropped cotton bale. Fireman’s and Natchitoches Warehouse and Compress intervened in the suit, demanding recovery of worker’s compensation benefits already paid to plaintiff and a credit for those to be paid in the future. Plaintiff then filed a supplemental and amending petition which substituted Daniel Chicóla for the previously incorrectly named defendant, A.J. Chicóla. Plaintiff also subsequently named Ronald Chicóla, John Guillot, United States Fidelity & Guaranty Company, and Guaranty National Insurance Company as defendants.
The issue presented by this case is whether a worker’s compensation inter-venor seeking reimbursement for weekly compensation benefits it has paid to an injured worker is only entitled to be reimbursed out of the sum awarded to the injured worker for past lost wages and not out of the damages which the worker received for pain and suffering.
At the start of trial, the parties stipulated that plaintiff’s medical expenses were $13,249.42, and that that amount would be added on to the total jury award. Thus, the amount of medical benefits was removed as an issue at trial. The issue of weekly disability benefits was a different matter. It was stipulated that, as of the date of trial, Fireman’s had paid $26,724.00 in weekly disability benefits. The parties agreed to submit the question of plaintiff’s *1088 past loss of earnings to the jury but to leave the question of the amount of reimbursement due Fireman’s to the trial judge.
Using special interrogatories, the jury returned damages in the following amounts:
A. Past physical pain and suffering- $ 7,000.00
B. Future physical pain and suffering- 30,000.00
C. Past mental anguish- 5,000.00
D. Future mental anguish- 2,500.00
E. Loss of enjoyment of life and disability- -
F. Past loss of earnings- 15,000.00
G. Future loss of earnings- 65,000.00
As can be seen, the amount awarded by the jury for past loss of earnings ($15,000.00) is $11,724.00 less than the amount Fireman’s had paid in weekly disability benefits ($26,-724.00). The trial court, after considering arguments of counsel, decided that Fireman’s was entitled to reimbursement for weekly compensation benefits paid only up to the amount awarded for past loss of earnings. Thus, $15,000.00 was added to the stipulated amount of medical expenses ($13,249.42), and judgment was rendered in favor of Fireman’s for $28,249.42. The trial court further ordered that upon payment to plaintiff of the award of future lost earnings ($65,000.00), the liability of Fireman’s for future weekly benefits would cease for such part of the compensation due, computed at 6% per annum, and would be satisfied by such payment until the award of $65,000.00 was consumed.
REIMBURSEMENT FOR PAST WEEKLY COMPENSATION
Intervenors contend that the trial court erred when it limited their reimbursement for worker’s compensation benefits to the sum the jury awarded plaintiff for his past loss of wages. Intervenors argue that they were entitled to be reimbursed not only out of the sum awarded plaintiff for past loss of wages, but also out of the sum he received for pain and suffering. Inter-venors maintain that LSA-R.S. 23:1103[1] contemplates a preference for past weekly benefits paid on all amounts awarded to plaintiff and not limited to the portion of the award designated for past loss of earnings. In support of this contention, inter-venors cite our case of Stewart v. Hanover Insurance Company, 416 So.2d 286 (La. App. 3 Cir.1982), writ denied, 421 So.2d 907 (La.1982). In Stewart, we held that an intervenor was entitled to be reimbursed for weekly benefits it had paid to an injured employee out of any award to that employee whether for pain and suffering, lost wages, or general damages. In opposition, plaintiff has argued that weekly compensation benefits paid are recoverable only to the extent of the award for past loss of earnings; otherwise, the worker’s compensation carrier would be reimbursed from the employee’s award for items which the employee, himself, had not recovered from the third party tort-feasor. In support of this position, plaintiff cites Fonte-not v. Hanover Insurance Co., 385 So.2d 238 (La.1980). However, in Stewart, decided after the Fontenot case, we pointed out that the intervenor in Fontenot was seeking reimbursement for medical expenses and not for weekly benefits it had paid. The court’s holding in Fontenot (that an employee was not required to reimburse his employer for medical expenses out of his damages for pain and suffering) was not applicable to a case in which the employer sought reimbursement for weekly benefits it had paid.
*1089 Although plaintiff admits that Fontenot is distinguishable from the situation which we now have before us and which we faced in Stewart, he argues that Fontenot’s rationale is inconsistent with our holding in Stewart. He points out that the court in Fontenot reasoned that the underlying policy of the apportionment scheme for reimbursing an employer was merely that the employee should not be compensated doubly for the same element of his damages. Plaintiff argues that there would be no double recovery if inter-venors’ recovery was limited to the sum the jury awarded in past lost wages. We disagree. Unlike medical expenses, weekly worker’s compensation benefits are paid, in part at least, in lieu of recovery for pain and suffering. If plaintiff was not required to reimburse intervenors out of the sum he recovered for pain and suffering, he would be receiving double recovery, at least insofar as weekly benefits are paid to compensate for pain and suffering. The possibility of double recovery is avoided only if the intervenor may seek reimbursement of weekly benefits out of an employee’s award for pain and suffering. In their treatise on workers’ compensation, Malone and Johnson apparently reach the same conclusion.
“When the employer or insurer does intervene, ... it is proper to assure that weekly benefits paid are reimbursed in the judgment out of the award to the employee for ‘pain and suffering’, wage loss, or out of ‘general damages’; and that the special expenses (medical expenses and the like) are, to the extent paid by the employer or insurer, awarded directly to it. This avoids the possibility of double recovery on these items by the employee, when the employer or insurer has intervened to assert its rights.”
W. MALONE & A. JOHNSON, “Workers’ Compensation Law and Practice”, 14 La.Civil Law Treatise (2nd Ed.1980), § 369, at pages 182-83.
We think that our decision in Stewart was correct. We agree with intervenors that LSA-R.S. 23:1103 unambiguously grants the employer a preference over all damages recovered for the compensation it has actually paid. Plaintiff has cited LaGraize v. Bickham, 391 So.2d 1185 (La. App. 4 Cir.1980), for the proposition that reimbursement for weekly benefits paid should be limited to the amount an injured employee receives for loss of past wages. Plaintiff’s reliance on LaGraize is misplaced. Our understanding of that case is that there the intervenor had paid no past weekly benefits to the plaintiff and, therefore, reimbursement of such payments was not at issue.[2]
CREDIT FOR FUTURE COMPENSATION
Intervenors also contend that the trial court erred in finding that the credit to which intervenors were entitled for future compensation was limited to the amount which the jury awarded plaintiff for loss of future earnings, i.e., $65,000.00. Intervenors maintain that they are entitled to a credit on the future compensation they may owe in an amount equal to plaintiff’s recovery, and that this amount should not be limited to the amount recovered by plaintiff for loss of future earnings. In support of this position, intervenors cite our case of Billeaud v. United States Fidelity & Guaranty Co., 349 So.2d 1379 (La.App. 3 Cir.1977). In Billeaud, we held that a worker’s compensation intervenor should be given a credit on all sums it may come to owe in the future to, or on behalf of, the injured party, up to the extent of payment of the tort recovery to that party; and until this excess is exhausted, the in-tervenor should be obligated to make no further compensation payments or medical benefits. In light of Fontenot, we believe that intervenor remains liable for future medical benefits and is entitled to no credit in this regard. However, as to weekly compensation benefits we believe that our decision in Billeaud was correct. As to *1090 their obligation to pay these benefits, inter-venors are entitled to a credit equal to the entire amount of plaintiff’s tort recovery, less the amount reimbursed to intervenors until this excess is exhausted.
DECREE
For the foregoing reasons, the judgment of the trial court is amended in the following respects:
(1) The sum of the judgment in favor of intervenor, FIREMAN’S FUND INSURANCE COMPANY, for $28,249.42 is amended to $39,973.42 *; and (2) the credit of $65,000.00 given to FIREMAN’S FUND INSURANCE COMPANY for future worker’s compensation weekly benefits due plaintiff, EDWARD BROOKS, JR., is amended to $84,526.58.**
In all other respects, the judgment of the trial court is affirmed. Costs are to be assessed against plaintiff, EDWARD BROOKS, JR.
AMENDED AND AFFIRMED, AS AMENDED.
LABORDE, J., concurs in part and dissents in part and assigns reasons.
YELVERTON, J., concurs in part and dissents in part for reasons assigned by LABORDE, J.

. LSA-R.S. 23:1103 provides, in pertinent part: “In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has actually paid, such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent, and upon payment thereof to the employee or his dependent, the liability of the employer for compensation shall cease for such part of the compensation due, computed at six per cent per annum, and shall be satisfied by such payment_”

. Although Price v. Mitchell Construction Co., Inc., 482 So.2d 869 (La.App. 2 Cir.1986), writ denied, 484 So.2d 671 (La.1986), does give support to plaintiffs position, we decline to follow it, having determined that our decision in Stewart was correct.

 denotes $26,724.00 of weekly disability benefits paid and stipulated medical expenses, $13,-249.42.

 denotes total amount awarded by the jury, $124,500.00 less $39,973.42.