LABORDE, Judge,
concurring in part and dissenting in part.
The rulings of the trial court are correct, no amendments to the judgment should have been made. The trial court properly limited reimbursements and credits for past weekly compensation paid and future weekly benefits to the amount the jury awarded for past loss of wages and future loss of wages, respectively. The underlying policy of the workers’ compensation statute is remedial and does not require an employee to reimburse out of his award for pain and suffering weekly benefits which he failed to recover from a third party tortfeasor.
I.
Fireman’s and Warehouse appeal the apportionment, as set forth in the majority’s opinion, asserting that LSA-R.S. 23:1103 contemplates a preference for past weekly compensation benefits paid on all amounts awarded to plaintiff and not limited to the portion of the award designated for past loss of earnings. In support of this interpretation, intervenors cite Stewart v. Hanover Insurance Company, 416 So.2d 286 (La.App. 3d Cir.1982), writ denied, 421 So.2d 907 (La.1982), which relies on Foreman v. United States Fidelity & Guaranty Company, 253 So.2d 580 (La.App. 3d Cir.1971),[1] to hold that weekly benefits paid are recoverable out of the award to the employee for pain and suffering, lost wages, or out of general damages.
Intervenors urge that we follow Stewart, 416 So.2d 286, to avoid a putative Hobson’s choice faced by workers’ compensation carriers in personal injury suits. Appellants suggest that trial strategy dictates the compensation carrier not argue to the jury as this would tend to confuse the jury and prejudice the overall award. If the preferential claim of the compensation carrier were not over the entire award, then plaintiff’s strategy may be to “go in the tank” or not argue lost wages and go for higher general damages excluded from the preference. Intervenors' position encourages inertia. The majority gives its imprimatur for compensation carriers to sit back in a covert from the jury. If the jury’s award for lost wages satisfies the benefits paid, fine — the carrier is reimbursed in full; if the jury’s award is insufficient, fine — the carrier is reimbursed in full by grafting the complement from plaintiff’s award for pain and suffering.
Plaintiff argues that weekly compensation benefits paid are recoverable only up *1091 to the extent that past loss of earnings were awarded by the jury; otherwise, the workers’ compensation carrier would be reimbursed from the employee’s award for items which the employee himself has not recovered from the third party tortfeasor. In support of this position, plaintiff cites LaGraize v. Bickham, 391 So.2d 1185 (La.App. 4th Cir.1980), which relies on Fontenot v. Hanover Insurance Company, 385 So.2d 238 (La.1980).
I find LaGraize of limited value in determining this issue because the workers’ compensation insurer had paid no past weekly benefits to plaintiff. I do find the Fourth Circuit’s reliance on Fontenot cor'rect and urge that the rationale of that case be followed.
The workers’ compensation statute facilitates employee and employer suits against third persons by providing that: (1) the payment of compensation does not affect an employee’s claim against a third person, LSA-R.S. 23:1101; (2) an employer may sue third persons to recover amounts paid as compensation, id; (3) the employer or employee is obliged to give notice to the other of filing of such a suit, LSA-R.S. 23:1102; and (4) in such a suit, the claim of the employer for compensation actually paid shall be preferred, LSA-R.S. 23:1103.
Fontenot, 385 So.2d at 240, reminds us that the underlying policy of the apportionment scheme in providing that an employer’s claim for reimbursement of compensation actually paid shall take precedence is merely that the employee should not be compensated doubly for the same element of his damages.
The Supreme Court, applying this rationale to the facts in Fontenot, reversed the Court of Appeal which had awarded reimbursement to the employer’s compensation insurer for medical expenses to be paid out of Mrs. Fontenot’s damage award for pain and suffering. The Fontenot Court was not required to apply this rationale to the weekly compensation benefits because the trial court awarded $5,638.17 for past loss of wages and weekly benefits amounted to only $2,913.84; thus, no deficiency arose. However, considering Fontenot’s broad language, i.e., “[i]t does not appear that the legislature intended for the employer to be reimbursed from the employee’s award for items which the employee has not recovered from the third person,” id. at 240, I would have no qualms applying it to weekly benefits. Unlike the majority, I would not follow the distinction enunciated in Stewart, 416 So.2d at 289.
I find no error in the trial court’s decision to limit reimbursement for weekly benefits to the jury’s award for past loss of wages. Plaintiff only recovered $15,000.00 for that element of damages. Neither the employer nor its compensation carrier is entitled to reimbursement from the employee’s award for items which the employee has not recovered from the third person. Fontenot, 385 So.2d at 240; accord Price v. Mitchell Construction Company, Inc., 482 So.2d 869 (La.App. 2d Cir.1986), writ denied, 484 So.2d 671 (La.1986); Derouselle v. Konecny, 468 So.2d 1382 (La.App. 1st Cir.1985); cf. Senac v. Sandefer, 418 So.2d 543 (La. 1982) (applying LSA-R.S. 23:1386); Johnson v. Fireman’s Fund Ins. Co., 425 So.2d 224, 230 (La.1982) (Calogero, J., concurring).
II.
The underlying rationale of Fontenot, explained in part I, also applies to loss of future earnings (intervenors second assignment of error). Plaintiff recovered only $65,000.00 for loss of future earnings. Intervenors should be limited to a credit for this amount (plus six percent per annum). Contra, Billeaud v. United States Fidelity & Guaranty Company, 349 So.2d 1379, 1385 (La.App. 3d Cir.1977), where the compensation carrier was credited up to the extent of payment of the tort recovery in excess of the privilege afforded the intervening compensation carrier.
For the foregoing reasons, I concur with the majority’s decision to affirm the judgment of the trial court, but dissent from the decision to amend the apportionment of reimbursements and credits.

. In Foreman, id. at 581 and 583, plaintiff was awarded $675.00 for lost wages, $308.57 of which was credited for weekly compensation benefits paid; so no impingement on general damages was necessary.