|, CARAWAY, J.,
concurring.
I respectfully concur in the ruling.
The subject of the disputed provision in the parties’ 1989 agreement was the so-called “credit” provided in the Workers’ Compensation Act in Section 1108. La. R.S. 23:1103(A)(1). That law specifically addresses how the continuing obligation of the employer is dealt with when the injured employee receives a damage award for future lost wages from a third party tortfeasor. Before the 1989 agreement, this court in Valiere v. Nicor Exploration Co., 512 So.2d 514, 519 (La.App. 2d Cir. 1987), had explained the “credit,” as follows:
Dresser’s second assignment of error alleges that the district court erred in failing to award Dresser a credit against future liability for worker’s compensation benefits in an amount equal to the excess of the plaintiffs recovery over Dresser’s previously paid benefits, plus six percent per annum. Dresser, in raising this issue, relies upon La. R.S. 23:1103 (1958). R.S. 23:1103 provides, in pertinent part,
if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent, and upon payment thereof to the employee or his dependent, the .compensation due, computed at six percent per annum, shall be satisfied by such payment.
In accordance with the express language of R.S. 23:1103, Dresser is entitled to an equitable credit against liability for future worker’s compensation benefits computed at six percent per annum. Fontenot v. Hanover Insurance Company, 385 So.2d 238 (La.1980); Derouselle v. Konecny, 468 So.2d 1382 (La.App. 1st Cir.1985). Dresser is, therefore, entitled to a credit in the amount of $69,000.00 plus six percent per annum on the unexhausted balance until the entire credit is so exhausted.
Additionally, the case of Billeaud v. U.S. Fidelity & Guaranty Co., 349 So.2d 1379 (La.App. 3d Cir.1977), explained:
|⅞... it is clear that a compensation carrier is entitled to be reimbursed all it has actually paid out to the injured party as of the date the judgment becomes final. We are of the opinion that any excess of the award should be paid to the injured party. Thereafter, the com- . pensation carrier should be given a credit on all sums it may come to owe in the *1136 future to, or on behalf of, the injured party up to the extent of payment of the tort recovery to the injured party. Until this excess is exhausted, the carrier should be obligated to make no further compensation payments or medical benefits. After exhaustion of the excess, if further compensation payments or benefits should become due, the carrier should then become obligated to resume payments.
This jurisprudence interprets Section 1103’s “credit” in such a manner which recognizes the employer’s continuing obligation for benefits that may be extant again after the depletion of the credit (plus 6% per annum). Therefore, the very definition within the jurisprudence of the way the credit operates precludes the running of prescription until the credit depletes.
The contractual agreement between LRA and Rambin was incidental to their settlement with the tortfeasor. I would base my denial of the exception of prescription on the parties’ use of the term “credit” which is defined in Section 1103. While the use of that term may prove to be a two-edged sword for the plaintiff in view of its 6% per annum provision, the operation of the credit as defined by the jurisprudence clearly prevents prescription.