DOUCET, Judge.
Marjorie Fontenot instituted this tort action to recover for damages sustained when she fell on a sidewalk located on property owned by the Evangeline Parish Police Jury in the City of Ville Platte. Defendant is Hanover Insurance Company, the police jury’s liability insurer. Fireman’s Fund Insurance Company intervened, seeking the return of workmen’s compensation benefits which it paid to Mrs. Fontenot as a result of her injury. All parties have appealed from a judgment in favor of plaintiff, fixing damages at $39,638.17, and awarding the intervenor $6,733.18.
The following facts found by the trial court are well supported by the record and are adopted as follows:
“During the forenoon of April 2, 1976, plaintiff went to the Evangeline Parish Police Jury office, which was located on the ground floor of the south wing of the old courthouse building (which has since been demolished and replaced) to get a check for her employer. After receiving the check she started to return to her automobile which was parked on Court Street somewhere in the vicinity of the courthouse. There were three concrete walkways leading from the courthouse to Court Street; one from the north wing leading in a northeasterly direction; another from the center of the building directly eastwards to the street; and one leading from the south wing leading in a southeasterly direction to the street. It was this latter one that Mrs. Fontenot was walking on when she fell.
According to her testimony, and there were no other witnesses to the accident, she was returning to her car when her left foot hit an elevated portion of the walk, causing her to trip and fall. In falling she put her arms in front of her to break the force of the fall. She suffered a minor injury to her right knee, but serious, and permanent injuries to her right hand and wrist. Four persons rushed to her aid right after the accident.
It is undisputed that the walkway upon which Mrs. Fontenot was walking had, at the site of the accident, a space variously estimated as being one to one and one-half inches wide across the entire walk, and that the walk was uneven at that spot, and that the elevation of the eastern side of the space was from one to two inches in height. It is also a fact that grass was growing in this space, and that the grass obscured the rise in the sidewalk.
Mrs. Fontenot, shortly after the accident, consulted Dr. Reed A. Fontenot, a physician and surgeon of Ville Platte for her injuries. He referred her to Dr. Frank Savoy, Jr., of Mamou, Louisiana, who then referred her to Dr. William Louis Meuleman, an orthopedic surgeon of Lafayette, Louisiana.
In addition to these physicians she consulted Dr. Stephen I. Goldware, a neurosurgeon of Lafayette who performed surgery on her hand. She consulted Dr. James D. Cole, a clinical psychologist of Lafayette, and Mr. Maninal R. Gala, a *463 physical therapist, and Dr. Terry Cromwell, an orthopedist of Lafayette, La. and several other doctors.
She underwent surgery twice for the injuries to her hand, all of which is fully described in the medical depositions of the various doctors received in evidence.
Dr. Cromwell gives her a 50% permanent disability of the right-hand, and all the experts agree that her hand and wrist are permanently impaired.
Prior to her accident Mrs. Fontenot was employed by the Evangeline Parish School Board as a Secretary-Bookkeeper and had been so employed for about eleven years. She was in charge of the federal programs administered by the school board. She was an excellent typist and handled up to 26 different types of these programs. In her work she had to handle certain large heavy books, and to do general office work. Her work capacity diminished steadily and finally she resigned her employment on February 28, 1978. At the time of her resignation, her salary was One Thousand Twelve and 85/100 ($1,012.85) Dollars per month, slightly in excess of Twelve Thousand and no/100 ($12,000.00) Dollars per year. She testified she resigned, ‘Because of an injury to my hand which caused me constant pain.’ (sic) and T could no longer keep up with my work’.
Mrs. Fontenot is also unable to do many of the things she did at home, such as bake cakes, give or prepare bridal showers, and perform other chores around the house.
Since the accident she has suffered almost constant excruciating pain, and what is most distressing to her is that she is allergic to certain medication, and cannot take medicine to relieve the pain from which she suffers. Her hand also becomes very cold, and she is forced to wear a glove at night to keep her hand warm. She has also certain exercises to take, entailing, among other things, the use of unusual devices made especially for her to exercise her hand and wrist.
Without going into great detail, suffice it to say that there was a break in the
sidewalk, and that Mr. Wilbert Ardoin, the Secretary-Treasurer of the Evangeline Parish Police Jury testified that he was aware of it. Nothing was done to repair this defect.”
The trial court found that under these facts the Police Jury had actual or at the very least constructive notice of the defect in the sidewalk and that it was negligent in having failed to repair it. It further found that under the circumstances, plaintiff was free from contributory negligence and rendered judgment in her favor. The interve-nor, Fireman’s Fund, was awarded a reimbursement of $6,733.18 for workmen’s compensation benefits previously paid to plaintiff.
As we noted earlier, all parties have appealed from that judgment. Defendant challenges the trial court’s conclusion that its insured was negligent in failing to correct the defect in the sidewalk and that plaintiff was free from contributory negligence. In the alternative, it argues that even if the trial court was correct in finding liability, its award of $30,000 for plaintiff’s pain and suffering was excessive. Conversely, plaintiff has asked for an increase in the' damage award, contending that the $4,000 allowed by the trial court for her loss of earning capacity and future wages is grossly inadequate. Fireman’s Fund seeks an amendment to the judgment, providing for its reimbursement for compensation payments which it has made to plaintiff since the date of the trial as well as for those payments which it is obligated to make in the future.
LIABILITY AND CONTRIBUTORY NEGLIGENCE
In Kidder v. City of Opelousas, 185 So.2d 66 (La.App. 3rd Cir. 1966), this court discussed at length the standard for determining whether there has been negligence and/or contributory negligence in cases like this, where the plaintiff’s injuries result from a fall caused by a defective sidewalk owned and maintained by a governmental entity.
*464 “A sidewalk is intended for public use, and a pedestrian is entitled to assume that it is sufficient and reasonably safe for use as a public walkway, subject only to such imperfections as might be readily observed by the use of ordinary care. ■ (citations omitted) A municipality, however, is not an insurer of the safety of pedestrians. It must keep the sidewalks, reasonably safe, but the maintaining of them in perfect condition is not necessary. To render the municipality liable in damages the defect complained of must be patently and obviously dangerous, or calculated to cause injury, (citations omitted)
Defects in sidewalks which are not in the nature of traps, or from which danger cannot reasonably be anticipated, provide no actionable negligence, (citations omitted) Although a pedestrian is not required to look for hidden dangers, he nevertheless is bound to walk with his eyes open and to observe his course to see what is open and apparent. He will be held to have seen those defects in the sidewalk which are obvious and can be noticed by a reasonable and prudent person, and he cannot recover if injury is caused by his failure to see a danger which would have been apparent to a reasonably prudent and observant person, (citations omitted) In any case, a municipality is not liable for damages resulting from a patently dangerous defect in a sidewalk unless it had notice, either actual or constructive, of the existence of the defect and failed' within a reasonable time to correct it. (citations omitted)”
Defendant asserts that the defect in this case must be classified as “slight” and, as such, provides no basis for recovery. St. Paul v. Mackenroth, 246 La. 425, 165 So.2d 273 (1964). It further contends that the defect was readily observable and that plaintiff was contributorily negligent' in failing to see and avoid it. We disagree.
The trial court found that the elevation of the defect was between one and two inches and that it was obscured by grass, which was growing through the sidewalk. There was conflicting testimony at the trial concerning the height of the defect and the presence of the grass. However, after reviewing the entire record, we believe that those findings were reasonable and well supported.
In view of those findings, the trial court’s conclusion that the police jury was-negligent is clearly correct. An imperfection of this nature, one to two inches in height and obscured by the growth of grass, is in the nature of a trap, which is calculated to cause injury to reasonably prudent and observant pedestrians. Kidder v. City of Opelousas, supra. The fact that the defect was a hidden danger likewise disposes of defendant’s argument that plaintiff was contributórily negligent in failing to observe it.
QUANTUM
Both plaintiff and defendant seek a change in the assessment of damages. Plaintiff has asked for an increase in the amount allowed for her loss of earning capacity and future wages. Defendant has requested a reduction in the amount allowed for plaintiff’s pain and suffering.
Before an appellate court can disturb a damage award, the record must clearly reveal that the trial court abused its “very great discretion”. Reck v. Stevens, 373 So.2d 498 (La.1979). With respect to plaintiff’s earning capacity, the evidence presented clearly shows that it has been diminished to some extent. She is no longer the proficient typist that she was before her injury. Furthermore, her ability to lift and manipulate objects such as large books or ledgers is restricted. However, despite the disability in her hand and the psychological problems associated with that handicap, she is not totally disabled. She can still perform most if not all common secretarial duties. Under these circumstances, we cannot say that the trial court’s award of $4,000 for this loss is clearly an abuse of its discretion.
The same is true of the court’s award of $30,000 for plaintiff’s pain and *465 suffering. The record is replete with evidence, including medical evidence elicited from the attending physicians, attesting to the fact that plaintiff has and will continue to endure substantial pain and discomfort as a result of the injury to her hand. The amount of damages fixed by the trial court will, therefore, not be disturbed.
REIMBURSEMENT OF WORKMEN’S COMPENSATION
Fireman’s Fund Insurance Company, the workmen’s compensation carrier for the Evangeline Parish School Board, intervened in this suit, seeking reimbursement for workmen’s compensation benefits paid to plaintiff. At the time of the trial, it had paid a total of $6,733.18 in weekly benefits and medical expenses. The trial court rendered judgment in favor of Fireman’s Fund and against defendant in that amount. Although it is not clear from the language of the judgment, the court obviously intended for that amount to be paid out of the award made to plaintiff in accordance with LSA-R.S. 23:1103.[1]
Oh appeal, Fireman’s Fund seeks an amendment to the judgment, providing for its reimbursement for benefits which have been paid subsequent to the date of the trial court’s judgment, and allowing it a credit for payments which it is obligated to make in the future. In Billeaud v. United States Fidelity & Guaranty Company, 349 So.2d 1379 (La.App. 3rd Cir. 1977), we held that a compensation carrier is entitled to reimbursement out of the injured employee’s tort recovery for all payments made prior to satisfaction of the judgment. We further held that it is entitled to a credit for all amounts which it is obligated to pay in the future, until the excess tort recovery is exhausted, after which time it is obligated to resume payments. Defendant concedes that that is the rule applicable to this case.
In accordance with the foregoing, the judgment of the district court, dated December 1, 1978 is affirmed, except for the third paragraph, which is deleted. In place thereof we amend the judgment by substituting the following:
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that there be judgment herein in favor of Fireman’s Fund Insurance Company, intervenor herein, and against Hanover Insurance Company in the full sum of the amount Fireman’s Fund Insurance Company has actually paid, or will actually pay prior to the date of the satisfaction of this judgment, to or on behalf of Marjorie Fonten-ot as weekly workmen’s compensation benefits and medical expenses (which sum, as of December 1, 1978, was $6,733.18), plus interest at the rate of 7% per annum on the amount of each payment of benefit which was or will be made by intervenor, Fireman’s Fund Insurance Company, from the date of each payment until payment of the amounts awarded in this judgment, the sum to be paid to Fireman’s Fund Insurance Company to be paid by preference and priority out of the award made herein to plaintiff, Marjorie Fontenot.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that such portion of the amount of the judgment herein in favor of Marjorie Fontenot which exceeds the amount which Fireman’s Fund Insurance Company is entitled to be paid shall be credited against any obligation which Fireman’s Fund Insurance Company may owe to Marjorie Fontenot for future workmen’s compensation benefits, medical expenses, or otherwise accruing after the date of the satisfaction of this judgment.
AMENDED AND AFFIRMED AS AMENDED.

. Paragraph three of the district court’s judgment reads: “IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment rendered herein in favor of FIREMAN’S FUND INSURANCE COMPANY, intervenor, and against HANOVER INSURANCE COMPANY in the full sum of $6,733.18, together with legal interest thereon from the date of judicial demand, until paid.”