385 So.2d 905 (1980)
Marie WALL, Plaintiff-Appellee,
v.
VILLAGE OF TALLULAH, Defendant-Appellant.
No. 14188.
Court of Appeal of Louisiana, Second Circuit.
June 10, 1980.
Rehearing Denied July 24, 1980.
*907 Raymond L. Cannon, City Atty., Tallulah, for defendant-appellant.
Voelker, Ragland, Brackin & Crigler by James C. Crigler, Jr., Lake Providence, for plaintiff-appellee.
Before MARVIN, JASPER E. JONES and FRED W. JONES, JJ.
En Banc. Rehearing Denied July 24, 1980.
FRED W. JONES, Judge.
Mrs. Marie Wall, a 46 year old widow, filed suit on October 11, 1977, against the Village of Tallulah, Louisiana, for damages for personal injuries allegedly sustained on October 15, 1976 when she tripped and fell over a raised portion of the sidewalk adjoining South Elm Street in Tallulah. Defendant municipality answered, denying liability, and pleading contributory negligence as a bar to plaintiff's demands. Later, the defendant filed a third party demand against G. R. Whetstone, owner of the premises traversed by the sidewalk in question. It was alleged that Whetstone was negligent in failing to maintain control of a tree situated on his property, roots from which ran under the sidewalk and caused its elevation. Plaintiff subsequently amended her petition to add as a defendant Commercial Union Assurance Company ("Commercial Union"), Whetstone's liability insurance carrier.
Plaintiff's suit as to Commercial Union was dismissed on May 2, 1979, pursuant to a joint motion of the parties because of a which plaintiff released Commercial Union and its assured from further liability, but reserved all rights against the Village of Tallulah. Because of this development, Whetstone then moved for a summary judgment as to the third party demand against him filed by the Village of Tallulah. Judgment was rendered sustaining this motion, eliminating Whetstone from the litigation.
Trial on the merits of plaintiff's claim against the Village of Tallulah was held on May 24, 1979. After completion of this proceeding the trial judge filed written reasons for judgment in which she found the Village of Tallulah liable for the defective sidewalk. She further concluded that Whetstone was negligent in failing to prune his tree limbs to assure that they would not obscure light from an adjacent municipal street fixture. Consequently, because of the prior settlement between plaintiff and Whetstone's insurer, the damage award of $30,000.00 was reduced by one-half to $15,000.00.
The Village of Tallulah appealed from this judgment. Plaintiff answered the appeal, asking for an increase in the damage award with no deduction because of the settlement with Commercial Union.
The record reflects that on the evening of October 15, 1976 at about 9:30 o'clock plaintiff was walking home from a high school football game down a sidewalk that ran parallel to South Elm Street in Tallulah. She had never walked down this sidewalk before. When plaintiff reached a point on the sidewalk in front of Whetstone's residence she tripped over an elevated portion of the sidewalk and fell forward with considerable force on her face, suffering multiple injuries. Although a street light was positioned about 35 or 40 feet from the place where plaintiff fell, the illumination from this fixture was partially obscured by limbs of a large tree located on Whetstone's property about six feet from the inner edge of the sidewalk.
The evidence showed that roots from the described tree ran under the sidewalk and that pressure from the roots caused the elevation of the portion over which plaintiff tripped. The surface of the raised portion *908 of the sidewalk was uneven, with a protrusion of about two inches on the street side and about four inches on the side next to Whetstone's residence.
Injuries sustained by plaintiff as a result of the fall included cracked ribs, dislocation of the ball socket joint of the jaw, a drooping eyelid, loosening of several teeth and damage to facial nerves. Plaintiff consulted and was treated by a number of physicians. She had to undergo several operations on her teeth and was fitted with a partial plate to alleviate this particular problem. She was still experiencing headaches at the time of the trial on the merits. Because of continuing medical problems plaintiff was required to use all of her sick leave and a substantial part of her annual leave.

Liability of Village of Tallulah
As pointed out in Snow v. City of Shreveport, 287 So.2d 647 (La.App. 2nd Cir. 1973):
"A municipality has an obligation to maintain public sidewalks paralleling its streets in a reasonably safe condition for pedestrians using them. This obligation encompasses the duty to locate and repair defects that are likely to cause injury to those lawfully using the sidewalks."
Elaborating upon the legal principles governing this issue, the court in St. Paul v. Mackenroth, 246 La. 425, 165 So.2d 273 (1964) stated:
"In order to assess liability in a matter such as the instant one, it must be shown (1) that the unsound condition complained of was patently or obviously dangerous to a reasonably careful and ordinarily prudent person, and (2) that the municipality had notice either actual or constructive, of the existence of the defect and failed within a reasonable time to correct it."
It is apparent from the evidence presented in this case that the raised portion of the sidewalk over which plaintiff tripped, because of the height of the elevated part in relation to the lower section of the sidewalk from which plaintiff stepped, and the uneven surface of the projection, constituted a patently dangerous condition for the ordinarily prudent person, particularly at night.
The described defect had, according to the weight of the evidence, been in existence to some extent for more than thirty years. Of course, as the roots grew the elevation would have become progressively more pronounced. Since it was not the practice of municipal employees to regularly inspect its sidewalks, defendant may not have had actual notice of the defect. However, because of the established length of time of its existence, defendant must be held to have possessed constructive notice of the trap to the unwary.
With reference to defendant's plea of contributory negligence, the following pertinent comment relative to the standard of care to be exercised by pedestrians on public sidewalks is enunciated in White v. City of Alexandria, 216 La. 308, 43 So.2d 618 (1949):
"... Such ways of passage are intended for public use, of course, and a pedestrian is entitled to assume that they are not dangerous. Further, he is not required to constantly observe the surface of the walk or to exercise the care that would be necessary in traversing a jungle. However, he cannot be completely oblivious of its condition; he must exercise ordinary care when using it, having in mind the well recognized fact that throughout every city of any size in this state there exist irregularities in the walkways brought about by natural causes such as rains, expansion, soil erosion and tree roots."
Plaintiff testified that at the time of the accident she was walking at a moderate pace, looking ahead in a normal manner. Mr. and Mrs. Jeff Goza, who were walking 15 or 20 feet behind plaintiff, corroborated this testimony. Defendant presented no evidence to the contrary. Plaintiff was not required to anticipate a dangerous defect in the sidewalk. Since she was exercising ordinary care, it is deemed that she was free of contributory negligence.
*909 For the reasons stated, we conclude that the Village of Tallulah was negligent in failing to correct the defective sidewalk and is liable to plaintiff for the injuries resulting from her tripping and falling on the sidewalk.

Quantum
Since there was no clear abuse by the trial court in fixing the amount of damages to which plaintiff was entitled, that portion of the lower court judgment will not be disturbed. See Reck v. Stevens, 373 So.2d 498 (La.1979).

Reduction of Award
As previously noted, the trial judge found that both the Village of Tallulah and Whetstone were negligent and, therefore, solidarily liable to plaintiff for her damages. Appellee contends that Whetstone was not guilty of negligence which was a proximate cause of plaintiff's accident and, consequently, the award to plaintiff should not have been reduced by one-half. However, it is conceded that the holding of this court in the recent case of Wall v. American Employers Ins. Co., 377 So.2d 369 (La.App. 2nd Cir. 1979) (writs granted January 1980) appears to militate against the requested relief.
The pertinent portion of Wall ruled that where a plaintiff alleges that two or more defendants were negligent and solidarily liable, those allegations are binding upon the plaintiff. As a result, the latter may not later assert that a defendant with whom plaintiff settled prior to judgment was not actually a joint tortfeasor for the purpose of defeating the claim of a defendant cast in judgment for a proportionate reduction of the judgment.
In this case the plaintiff did not allege facts which amounted to a "judicial confession" but simply asserted a legal conclusion that Whetstone was strictly liable as the owner of the tree with the offending roots. Wall is, for that reason, distinguishable from this case and not decisive of this particular issue. This necessitates an inquiry into the possible negligence of Whetstone.
It was pointed out in Snow, supra, that "tort liability against the adjoining property owner results only when the adjoining property owner actually created or caused the defect involved." It was undisputed in this case that the defective sidewalk was caused by pressure from tree roots. It was the responsibility of the municipality, and not that of Whetstone, to maintain the sidewalk and correct the defect. Because of the remoteness of the relationship between the tree owner, the growth of the tree roots and the resulting defect in the sidewalk, it cannot be logically held that Whetstone actually "created or caused the defect involved."
Appellant argues that Whetstone should be held responsible under the doctrine of strict liability as applied in Loescher v. Parr, 324 So.2d 441 (La.1975), which found the owner of a diseased tree liable for damages to an automobile across which the tree fell. However, as noted in that case, strict liability is imposed because of the legal relationship between the defendant and the "thing whose ... defect creates an unreasonable risk of injuries to others." In this case, the defect was not in the tree but was in the sidewalk, which was under the control of the Village of Tallulah, not Whetstone. For this reason, the doctrine of strict liability is not applicable.
With reference to the contention that Whetstone was negligent because his tree limbs obscured light from the street fixture, the only evidence in the record specifically addressing this issue is a stipulation of the parties that Whetstone had pruned his tree. There was no showing that further pruning of the tree would have substantially improved illumination of the involved sidewalk area. Therefore, the evidence does not justify a holding that Whetstone failed to properly prune his tree or, if so, that this failure constituted negligence which was a proximate cause of plaintiff's accident.
We conclude that the sole proximate cause of plaintiff's mishap was the *910 negligence of the Village of Tallulah in failing to correct the defect in the sidewalk. It follows that the trial judge erred in deducting one-half of the damage award because of the settlement between plaintiff and Whetstone's insurance carrier.

Conclusion
For the reasons stated, the judgment of the trial court is amended to increase the award from $15,000.00 to $30,000.00. Therefore, there will be judgment in favor of plaintiff, Marie Wall, against the Village of Tallulah, for the sum of $30,000.00, with legal interest thereon from October 11, 1977, until paid, and all costs.