441 So.2d 453 (1983)
Ennis Mayfield TIPTON et ux., Plaintiffs-Appellants,
v.
BOSSIER PARISH SCHOOL BOARD et al., Defendants-Appellees.
No. 15806-CA.
Court of Appeal of Louisiana, Second Circuit.
November 29, 1983.
Rogers M. Prestridge, Bossier City, for plaintiffs-appellants.
Henry N. Brown, Jr., Bossier City, for defendants-appellees.
Before FRED W. JONES, SEXTON and NORRIS, JJ.
FRED W. JONES, Jr., Judge.
Plaintiffs, husband and wife, appealed a judgment rejecting their claims against the defendant school board and its insurer for damages resulting from personal injuries allegedly suffered by the wife when she tripped and fell over a curb abutting a sidewalk on school board property.
Concluding that the trial judge correctly decided the question of liability, we affirm.
On April 1, 1978 at about 5:00 o'clock P.M., Ennis Tipton and his 69 year old wife, Emma Tipton, went to vote at Curtis Elementary School in Bossier Parish in a special election called by the police jury. Upon arriving at their destination, Tipton parked his vehicle in the school parking lot near a side entrance to the polling place. The two then went in to vote, completed that process, chatted briefly with friends, and started back to their car. As they approached the parking lot, Mrs. Tipton stumbled and *454 fell when she stepped from the sidewalk to the parking lot.
Suit was instituted by the Tiptons against the Bossier Parish School Board and its insurer and the Bossier Parish Police Jury and its insurer. Settlement was effected with the latter two defendants.
At the trial Mrs. Tipton testified that upon leaving the described polling place [housed in the school building] she walked down a sidewalk to the parking lot. In the act of stepping from the sidewalk into the parking lot, her right shoe caught on a raised curb, causing her to fall and suffer painful injuries. Her shoes were described as being flat-bottomed with wedge-shaped heels.
In general Tipton corroborated the testimony of his wife. This witness stated that he was walking beside his spouse when she stumbled and fell, but conceded that he did not observe her foot come into contact with the curb. Tipton added that the couple had voted at this school site on many occasions over a span of some years, usually parked on the same parking lot and entered the polling place along the same general route as that traversed on the date of the accident. In response to a query, Tipton admitted that nothing prevented them from seeing the raised curb either on approaching the building or leaving it.
According to the record evidence, at the site of the alleged accident the sidewalk had originally been level with the curb. However, over a period of time the sidewalk had settled to the extent that the curb separating it from the parking lot was elevated about 1¼ inches above the sidewalk.
In written reasons for judgment the trial court, applying the doctrine of strict liability [La.C.C. Art. 2317] found that there was a defect in the sidewalk where it abutted the curb at the accident site, but concluded that this defect did not pose an unreasonable risk of injury to Mrs. Tipton. Alternatively, the trial judge determined that there was an absence of negligence on the part of the school board. Consequently, the judgment of which plaintiffs complain was rendered and signed.
On appeal plaintiffs contend that the school board should have been held strictly liable or liable under the general negligence theory. They argue that Shipp v. City of Alexandria, 395 So.2d 727 (La.1981), upon which the trial judge relied, is factually distinguishable because there the unsuccessful injured party stumbled and fell when she stepped off a sidewalk into a streetas opposed to this case in which Mrs. Tipton was traversing an exclusively pedestrian area.
In the recent case of Kent v. Gulf States Utilities Company, 418 So.2d 493 (La.1982) our supreme court explained:
"In a strict liability case [as opposed to a typical negligence case] .... the claimant is relieved only of proving that the owner knew or should have known of the risk involved. The claimant must still prove that under the circumstances the thing presented an unreasonable risk of harm which resulted in the damage (or must prove, as some decisions have characterized this element of proof, that the thing was defective). The resulting liability is strict in the sense that the owner's duty to protect against injurious consequences resulting from the risk does not depend on actual or constructive knowledge of the risk, the factor which usually gives rise to a duty under negligence concepts....
"Thus, while the basis for determining the existence of the duty .... is different in C.C. Art. 2317 strict liability cases and in ordinary negligence cases, the duty which arises is the same." (p. 497).
Justice Dennis pointed out in his concurring opinion in Kent:
"All of these `unreasonable risk' tests imply a process of balancing the risk against the value of the interest which the defendant is seeking to protect, and the expedience of the course pursued. Prosser, at p. 149. This is the standard negligence test. In strict liability, except for the element of the defendant's knowledge, the test is the same as that for negligence." (p. 501).
*455 The pivotal question in our case is: did the slightly elevated curb pose an unreasonable risk of harm to Mrs. Tipton? Put another way, considering all relevant factors [extent of elevation, nature and volume of pedestrian traffic, frequency in the area of ground "settling", cost of remedying every similar condition], was the school board under a duty to eliminate the raised curb? After weighing the interests involved, we answer these questions in the negative.
We agree with the trial judge that, although sidewalks and curbs must be kept reasonably safe, expecting them to be maintained in perfect condition is unrealistic.
For these reasons, we affirm the district court judgment, at plaintiffs' cost.