541 So.2d 228 (1989)
Catherine WILLIAMS
v.
ORLEANS PARISH SCHOOL BOARD.
No. 88-CA-1199.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1989.
*229 Louis A. Gerdes, Jr., New Orleans, for appellee.
Trevor G. Bryan, Jefferson, Bryan, Gray & Jupiter, New Orleans, for appellants.
Before BARRY, BYRNES and LOBRANO, JJ.
BYRNES, Judge.
The Orleans Parish School Board appeals a judgment awarding damages to Catherine Williams for injuries sustained in a slip and fall accident. We reverse.
On December 12, 1984, at approximately 6:30-7:00 p.m., Catherine Williams was bringing her eleven year old son to participate in a school play in the cafeteria at Sherwood Forest School in New Orleans when she fell off the curb at the end of a sidewalk located on school premises. Facing in the direction of the cafeteria, there is a chain-link fence on the left of the sidewalk and the parking lot on the right. The fence ends just before the end of the sidewalk. The sidewalk forms a semicircle which narrows and ends with a curb onto a driveway allowing access to the parking lot. Photographs show that the sidewalk and the driveway consist of one light cement material with the parking lot being made of a darker asphalt. The evidence indicates that there was one street light 90 feet away, a breezeway light 80 feet away, and a light near the door of the cafeteria, as well as lights inside. Mrs. Williams testified that she was unfamiliar with the area and prior to the accident, she had not walked on the sidewalk to the cafeteria. She stated that she was unaware that there was a curve in the sidewalk which ended abruptly. Plaintiff's injuries included contusions to her knees and elbows, but she sustained no fractures or dislocations.
Mrs. Williams sued the Orleans Parish School Board claiming that it was negligent for the defective condition of the sidewalk which proximately caused her injuries. After a bench trial, the district court rendered a judgment in favor of Williams in the amount of $20,021.67, subject to a 20 percent reduction for the fault of plaintiff.
On appeal, the school board contends that the trial court committed manifest error in finding that the area where plaintiff *230 fell was unreasonably dangerous and a cause of the injury she sustained. The school board also argues that the trial court erred in awarding an excessive amount of damages and that the percentage of plaintiff's comparative negligence should be increased.
Expert witnesses testified for each party at trial. Wilfred G. Garlardo qualified as an expert in the field of safety and testified on behalf of Williams. In Garlardo's opinion, three factors created a dangerous condition:
(1) the narrowing telescopic effect of the sidewalk;
(2) the camouflaging effect of the sidewalk and driveway blending in to look like one level so that a drop is difficult to discern; and
(3) the lack of illumination in the vicinity.
Lonnie Hewitt, the school board's expert, was qualified as an expert in the field of architecture. He found no apparent problem and stated that the blending in of the color of the cement was common throughout the city. Finding illumination from general street lighting and from the moon and atmosphere, Hewitt did not see any problem with differentiating levels of the sideway and driveway itself.
To incur liability, the school board must be found to be either negligent or strictly liable.[1] While the basis for determining the existence of a duty is different in strict liability and ordinary negligence cases, the duty is the same. Mandasco v. Poplus, 530 So.2d 548 (La.1988); Marziale v. Maney, 529 So.2d 504 (La.App. 4th Cir. 1988), writ denied, 533 So.2d 22 (La.1988). In a strict liability case as opposed to a typical negligence case, the claimant is relieved only of proving that the proprietor knew or should have known of the risk involved. Tipton v. Bossier Parish School Board, 441 So.2d 453 (La.App. 2nd Cir. 1983).
Under a theory of strict liability, the injured party must show: (1) that the thing he complains of was in the care and custody of the defendant; (2) the existence of a vice or defect in the thing; and (3) that the injury was caused by the vice or defect. Loesher v. Parr, 324 So.2d 441, 449 (La. 1975); Levie v. Orleans Parish School Board, 537 So.2d 351 (La.App. 4th Cir., 1988). There is no dispute that the school board had custody of the school yard and sidewalks. The issues are whether the curb and conditions of the area (1) created an unreasonably dangerous defect and (2) caused plaintiff's injury.
The determination of what constitutes an unreasonable risk of harm involves a balancing of interests. Langlois v. Allied Chemical Corp., 258 La. 1067, 249 So.2d 133, 140 (1971). The fact that a pedestrian fell does not elevate the condition of the street to that of an unreasonably dangerous defect. Shipp v. City of Alexandria, 395 So.2d 727, 729 (La.1981). Not every imperfection is a defect. To be a defect, the imperfection must pose an unreasonable risk of injury to persons exercising ordinary care and prudence. Montgomery v. City of New Orleans, 537 So.2d 1230 (La.App. 4th Cir., 1989). A pedestrian has a duty to see that which should be seen and is bound to observe his course to see if his pathway is clear. Carr v. City of Covington, 477 So.2d 1202 (La.App. 1st Cir. 1985), writ denied, 481 So.2d 631 (La.1986).
Although it may be more difficult to traverse a sidewalk at night, a pedestrian is aware that one must proceed with greater caution than in daylight. Mrs. Williams testified that in walking to the school cafeteria, she could see that there was a fence on the left of the sidewalk and a drop to a parking lot to her right where cars were parked. The location of the end of the fence and the driveway entrance to the parking lot should have alerted plaintiff to *231 the fact that she would have to watch her step. In addition, the curbs were estimated to be six inches high. At that height, a darker shadow would be detected on the curb on the other side of the driveway, putting plaintiff on notice that she would have to take additional care in crossing.
The sidewalk where plaintiff was injured was not perfect but the risk is apparent to persons exercising ordinary care and prudence under the circumstances. Just because plaintiff fell did not make the risk unreasonable. We find that the trial judge's conclusion that the curb posed an unreasonable risk of harm is clearly wrong. The school board was not at fault in plaintiff's accident.
For the foregoing reasons, we reverse the judgment of the trial court and enter a judgment for defendant, dismissing plaintiff's suit at her costs.
REVERSED.
NOTES
[1] The Louisiana Legislature has recently limited strict liability under LSA R.S. 9:2800 by providing that a public entity cannot be held liable for damages caused by the condition of things in its care and custody unless the public entity has active or constructive notice of the defect prior to the occurrence and has had time to remedy the defect but failed to do so. This statute, effective on July 12, 1985, after Williams' accident, changes substantive law and therefore is not applied retroactively. Landry v. State, 495 So.2d 1284 (La.1986).