545 So.2d 1276 (1989)
Barbara McDADE and James McDade, Plaintiffs-Appellants,
v.
TOWN OF OAK GROVE, Louisiana, Defendant-Appellee.
No. 20526-CA.
Court of Appeal of Louisiana, Second Circuit.
June 14, 1989.
Bruscato, Loomis & Street by C. Daniel Street, Monroe, for plaintiffs-appellants.
McIntosh, Fox & Lancaster by John M. Lancaster, Oak Grove, for defendant-appellee, Town of Oak Grove.
Cook, Yancey, King & Galloway by Charles G. Tutt, Shreveport, for defendants-appellees, Arden Smith Ins. Agency and Arden Smith.
Before MARVIN and SEXTON, JJ., and JASPER E. JONES, J. Pro Tem.
MARVIN, Judge.
Mr. and Mrs. McDade appeal a judgment rejecting their demands for damages that arose when Mrs. McDade stepped in a one-inch deep triangular shaped hole or depressed area (4" × 3" × 3") in a sidewalk on Main Street in the town of Oak Grove and fell, seriously fracturing her right kneecap.
Plaintiffs contend the trial court should have applied comparative negligence and *1277 assessed all or some fault to the Town because the Main Street sidewalk had long posed an unreasonable risk of harm to pedestrians and was renovated about a year after Mrs. McDade fell. The issue of unreasonable risk of harm is primarily factual. We find no clear error in the trial court's determination and affirm.

FACTS
This composite of photographs in the record depicts the scene and the hole:

Mrs. McDade had resided in the Oak Grove area and visited there for most of her 49 years. On the Wednesday when she fell, she drove to and parked on Main Street to keep an afternoon appointment at a beauty shop she sometimes used. It was a clear, cool, and dry day. She traversed the same sidewalk to and from her appointment, wearing rubber-soled flat shoes and carrying only her purse.
She said she was returning to her car after the appointment concluded, walking "normally," when she stepped partially into the "hole" with the heel of her right shoe. She fell forward on her knees and her left wrist and suffered multiple fractures to her right kneecap. She was generally familiar with the condition of the sidewalks on Main Street but was unaware of the specific defect. She acknowledged that she was not looking at the sidewalk as she was *1278 walking and did not see the hole until after her fall. She explained that she focused her attention on her parked car as she approached it.
Plaintiffs and two relatives testified on the one hand that the sidewalks of the town, including the Main Street sidewalk, were generally defective, cracked, and in a "mess" or dangerous or bad condition for a long time before the accident. Officials and former officials as well as residents and shop owners in the area testified to the contrary. The mayor, former mayor, the town clerk, the present and former owner of the shop in front of which Mrs. McDade fell, each testified that he or she had heard no complaints about the condition of this Main Street sidewalk. These and another witness who frequently wore high-heeled shoes, said they had used, and had seen other people use, the sidewalk daily without mishap.

THE LAW
The litigants have no dispute about the applicable legal principles. A municipality is obligated to maintain its sidewalks in a reasonably safe condition. The defect or condition complained of must be one which patently or obviously poses an unreasonable risk of harm to a reasonably careful pedestrian. The municipality may be liable in the strict liability sense (CC Art. 2317) or in the ordinary negligence sense (CC Art. 2315) when it has actual or perhaps constructive knowledge of the defect and fails to remedy the defect within a reasonable time. LRS 9:2800(B). See Shipp v. City of Alexandria, 395 So.2d 727 (La.1981); Wall v. Village of Tallulah, 385 So.2d 905 (La.App.2d Cir.1980), writ denied; Carter v. Bd. of Sup'rs of Louisiana St. Univ., 459 So.2d 1263 (La.App. 1st Cir.1984), writ denied.
In short, a municipality is not liable for every defect or irregularity in a street or sidewalk that causes injury, but only for the dangerous defect that creates an unreasonable risk of injury. Employing language from Carr v. City of Covington, 477 So.2d 1202, 1204 (La.App. 1st Cir.1985), writ denied, the trial court impliedly concluded that the hole in the Main Street sidewalk that is here complained of was not an unreasonably dangerous defect that would make the town liable:
Although the condition of the sidewalk may have been unsound, the Town ... would be liable only if that condition was "dangerous or calculated to cause injury." So based on the Carr case, which... is almost identical to the case here today, and the rules cited therein, it will be the judgment of this court that plaintiffs' suit will be dismissed at plaintiffs' costs ... [and] in favor of the Town of Oak Grove.
In some circumstances the public custodian of a sidewalk has been held liable for a particular defect that was found to pose an unreasonable risk of harm. See Wall (part of sidewalk raised 2" by tree, visibility limited at 9:30 p.m.), Carter (2-½" sunken corner in sidewalk square unnoticeable to pedestrian), supra. In other circumstances the public custodian has not been held liable because the particular defect was found not to pose an unreasonable risk of harm. See Shipp (visible pothole 1-½ deep); Carr (visible pothole 1-½ deep and 12" wide), supra. See also Scroggins v. Sewerage & Water Bd., 533 So.2d 132 (La.App. 4th Cir.1988) (3" deep dip and 4" high bump in road). In each case, of course, the unreasonable character of the defect must be decided on the particular facts and circumstances.
We agree the circumstances of this record are more analogous to those cases where the defect has not been found to pose an unreasonable risk of harm.
The trial court was not clearly wrong in its conclusion that that the hole in the Main Street sidewalk was not unreasonably dangerous to Mrs. McDade.
At appellants' cost, the judgment is AFFIRMED.