562 So.2d 50 (1990)
Yvonne CLARK, Plaintiff-Appellant,
v.
HARTFORD ACCIDENT AND INDEMNITY COMPANY, and City of Pineville, Defendants-Appellees.
No. 88-1385.
Court of Appeal of Louisiana, Third Circuit.
May 23, 1990.
Joseph Kutch, Pineville, for plaintiff-appellant.
Wilson & Walker, Greg Walker, Alexandria, for defendants-appellees.
Before DOMENGEAUX, C.J., and FORET and STOKER, JJ.
DOMENGEAUX, Chief Judge.
Yvonne Clark seeks damages for personal injuries sustained when she slipped and fell on a sidewalk in the custody and control of the City of Pineville. Clark sued the City and its insurer, Hartford Accident and Indemnity Co. for negligence under La.C.C. art. 2315. After a bifurcated trial, the jury found no negligence or fault on the part of the City. The judge agreed with the jury verdict and dismissed plaintiffs suit. Plaintiff appeals and we affirm.
Clark's accident occurred on a sidewalk on Main Street, as Clark was walking home in the rain from a nearby grocery store. She tripped on an uneven portion of the sidewalk and fell to the ground, injuring her leg and back. Clark contends that she was unable to discern the danger of the cracked walkway because of grass growing in the crack. She argues the condition of the sidewalk created an unreasonable risk of harm to pedestrians, and that because of this defect, she fell and was injured. In support of her position, Clark offered the testimony of a friend, Janet Coker, who testified that she, too, had fallen on this cracked sidewalk. Coker further testified that the photographs offered in evidence accurately portrayed the condition of the sidewalk since 1983.
A municipality is not liable for every defect or irregularity in a street or sidewalk that causes injury, but only for the dangerous defect that creates an unreasonable risk of injury. McDade v. Town of Oak Grove, 545 So.2d 1276 (La.App. 2nd Cir.1989). In Williams v. Orleans Parish School Board, 541 So.2d 228 (La.App. 4th Cir.1989), the court discussed the proper method for determining what constitutes an unreasonable risk of harm:
The determination of what constitutes an unreasonable risk of harm involves a *51 balancing of interests. Langlois v. Allied Chemical Corp., 258 La. 1067, 249 So.2d 133, 140 (1971). The fact that a pedestrian fell does not elevate the condition of the street to that of an unreasonably dangerous defect. Shipp v. City of Alexandria, 395 So.2d 727, 729 (La.1981). Not every imperfection is a defect. To be a defect, the imperfection must pose an unreasonable risk of injury to persons exercising ordinary care and prudence. Montgomery v. City of New Orleans, 537 So.2d 1230 (La.App. 4th Cir.1989). A pedestrian has a duty to see that which should be seen and is bound to observe his course to see if his pathway is clear. Carr v. City of Covington, Ml So.2d 1202 (La.App. 1st Cir.1985), writ denied, 481 So.2d 631 (La.1986).
541 So.2d at 230. Furthermore, a municipality is not liable for damages resulting from a patently dangerous defect in a sidewalk unless it had notice, either actual or constructive, of the existence of the defect and failed within a reasonable time to correct it. Kidder v. City of Opelousas, 185 So.2d 66 (La.App. 3rd Cir.1966). (The Legislature has adopted this rule as a limitation of strict liability imposed under La. C.C. art. 2317 against a public body. La. R.S. 9:2800.)
In Fontenot v. Hanover Insurance Co., 378 So.2d 461 (La.App. 3rd Cir.1979), affirmed in part, reversed in part, 385 So.2d 238 (La.1980), this court was presented with facts generally similar to those in the case before us. Applying the legal principles discussed above, the Fontenot panel affirmed a jury verdict in favor of the plaintiff. The jury found that a two inch, grass covered crack in the sidewalk constituted a trap which was calculated to cause injury to a reasonably prudent pedestrian; this court affirmed that factual finding.
Conversely, in this bifurcated trial which required factual findings by both judge and jury, both triers of fact concluded that the crack in the Main Street sidewalk where Mrs. Clark was injured was not an unreasonably dangerous defect that would make the City liable. Neither the trial judge nor the jury considered the crack to be a trap which was calculated to cause injury. After reviewing the record and studying the photographs submitted into evidence, we find no manifest error in the conclusion that the crack in this case does not constitute a trap such as the Fontenot jury found. The jury and the trial judge determined the factual circumstances of this case; they heard the testimony, saw the photographic evidence, and were able to judge the credibility of the witnesses firsthand. Their factual findings are entitled to great weight on appeal.
In McDade, the Second Circuit pointed out the varied jurisprudence in this area:
In some circumstances the public custodian of a sidewalk has been held liable for a particular defect that was found to pose an unreasonable risk of harm. See Wall [v. Village of Tallulah, 385 So.2d 905 (La.App. 2nd Cir.1980), writ denied, 393 So.2d 737 (La.1980)] (part of sidewalk raised 2" by tree, visibility limited at 9:30 p.m.); Carter [v. Board of Supervisors of Louisiana State University, 459 So.2d 1263 (La.App. 1st Cir.1984), writ denied, 462 So.2d 1248 (La.1984)] (2½" sunken corner in sidewalk square unnoticeable to pedestrian). In other circumstances the public custodian has not been held liable because the particular defect was found not to pose an unreasonable risk of harm. See Shipp [v. City of Alexandria, 395 So.2d 727 (La.1981)] (visible pothole 1½" to 2" deep); Carr [v. City of Covington, 477 So.2d 1202 (La. App. 1st Cir.1985)] (visible pothole 1" to 2" deep and 12" wide), supra. See also Scroggins v. Sewerage and Water Bd., 533 So.2d 132 (La.App. 4th Cir.1988) (3" deep dip and 4" high bump in road). In each case, of course, the unreasonable character of the defect must be decided on the particular facts and circumstances.
545 So.2d at 1278.
The circumstances of this case support the judgment rendered. We cannot say that both the jury and the judge were manifestly erroneous in concluding that the crack in the Main Street sidewalk was not unreasonably dangerous to Yvonne Clark.
*52 The judgment is affirmed at appellant's costs.
AFFIRMED.