BARRY, Judge.
This lawsuit arose because of injuries sustained by Finley Richard Howell, plaintiff, while he was working for Tilden J. Elliott Contractor, Inc. (Tilden Elliott) on a barge owned or chartered by Chevron U.S.A., Inc. Howell sued Chevron, Tilden Elliott, and its insurer, American Casualty Company of Reading, Pa. under the Jones Act and general maritime law. In a supplemental petition Howell added Lloyd’s Underwriters, Tilden Elliott’s insurer, as a defendant. Tilden Elliott third partied American Casualty Company, Lloyd’s Underwriters, Jefferson Underwriters, Edward Brennan, and Chevron. Chevron filed a cross-claim against Tilden Elliott, American Casualty and Lloyd’s Underwriters (later dismissed as to Lloyd’s Underwriters). The matter has not gone to trial on issues of seaman status, liability, or quantum.
American Casualty filed a motion for summary judgment based on its payment to Howell of its policy limits, $25,000. Til-den Elliott’s motion for summary judgment as to its third party demand against American Casualty argued that it should be entitled to the higher $100,000 policy limits under its policy. It also filed a summary judgment motion relative to Chevron’s contractual immunity claim. Chevron’s summary judgment motion was based on the fact that it was not Howell’s employer for purposes of the Jones Act. Howell filed a motion for partial summary judgment or alternatively a declaratory judgment that there was $100,000 coverage under American Casualty’s policy.
The trial court denied the motions from American Casualty, Chevron, and Tilden Elliott as to Chevron’s claim for contractual immunity. The trial court granted the motions for summary judgment filed by Howell and Tilden Elliott in order to declare coverage by American Casualty Company in the amount of $100,000. Summary judgment was granted in respect to coverage only. Other issues, including the obligation to defend, was denied. American Casualty appealed the summary judgment. Howell has moved to dismiss and argues *649 that the ruling is not a final judgment on liability or quantum.
Although technically the trial court granted a summary judgment, Howell had requested a partial summary judgment or alternatively a declaratory judgment. The trial court’s finding of $100,000 in coverage on American Casualty’s policy is properly viewed as a declaratory judgment.
A partial summary judgment, a summary judgment or a declaratory judgment is a final judgment which is generally reviewed by appeal. La.C.C.P. arts. 966, 1871, and 2083. However, we do not feel that an appeal of the judgment at this stage of the proceedings is proper. Allowing an appeal of a summary judgment or a declaratory judgment which only involves the issue of policy limits under one insurance policy, when issues of seaman status, liability and quantum have not been decided, encourages piecemeal litigation. See Lantz v. Campbell, 376 So.2d 631 (La.App. 3rd Cir.1979). We decline to exercise our supervisory jurisdiction.
The right of American Casualty Company of Reading, Pa. to appeal the declaratory or summary judgment is reserved. That judgment can be reviewed on appeal after the final judgment is rendered on seaman status, liability, and damages.