11 GRISBAUM, Judge.
This appeal relates to a personal injury matter. We reverse and set aside.

BASIC RECORD FACTS AND PROCEDURAL HISTORY

The basic record facts and procedural history demonstrate that, in February 1992, plaintiff filed suit against Merrill Capdeville, the property owner, and his insurer, Lafayette Insurance Company, alleging she suffered serious injury to her ankle and knee due to a defect in the driveway owned by defendant. After a bench trial on January 25, 1994, the court rendered judgment in favor of plaintiff, finding defendant was negligent, and awarded $7500 in general dam *1148 ages and $1426 in special damages. However, after finding plaintiff to be partiálly at fault, the trial court reduced her recovery by 50 percent. Defendants appeal the decision of the trial court.

\ ¡ISSUE

The threshold issue presented is simply whether the trial court erred in finding the landowner liable, whether it be under strict liability under La.Civ.Code art. 2317 or negligent duty under art. 2315.
We see the trial court, in its Reasons for Judgment, stated that
The Court finds from the pictures that she had room facing the house or where she is going she had room on the right to pass. She had room in which to pass, not coming close to the potholes. However, under the circumstances, the defendant owes the plaintiff a duty, whether it be under strict liability under Article 2317 or negligent duty under Article 2315:
The negligence against an owner, which is a tort claim, under Article 2315, the plaintiff must prove that the thing created an unreasonable risk of injury that resulted in damage. That the owner knew or should have known of the risk, and that the owner failed to either remedy the situation and render the thing safe or take steps to prevent injury. And under these circumstances, the
Court finds that the defendant was negligent.
On the other hand, I believe that the plaintiff in this case was contributorily— contributing to her own injury. And what I mean by that, she certainly has walked, by her own testimony, at least once a day. She knew of the pothole’s existence. And under these circumstances, the Court finds that the plaintiff was fifty percent comparatively at fault.
We disagree.
The record establishes the driveway doubled as a walkway from the back apartments to the street. While there is no clear-cut test to determine whether a walkway presents an unreasonable risk, the test usually applied is whether the walkway was maintained in a reasonably safe condition for persons exercising ordinary care and prudence. Deblois v. Republic/Vanguard Ins. Co., 537 So.2d 844 (La.App. 5th Cir.1989), writ denied, 540 So.2d 331 (La.1989). Our jurisprudence tells us that several factors must be considered. For example, the location of the alleged defect, the victim’s familiarity with the area, the size of the 13hole or imperfection, and the victim’s use of ordinary care. Howell v. Am. Casualty Co., 585 So.2d 647 (La.App. 4th Cir.1991).
From the pictures and testimony, it appears the driveway was not paved but was composed of crude cement, gravel and shells. Plaintiff testified she had lived on the premises for two months prior to the accident and, thus, was familiar with the area. She walked down her driveway several times a week and was aware of the pothole’s existence in the general area. In fact, in the past she had generally avoided the pothole. She further admitted she could have walked down the driveway without encountering the pothole, and the trial court agreed. While plaintiff testified that the pothole had grown in size during the time she lived there, she stated (during her deposition) that the pothole had not changed from the time she first saw it and the time she fell. While no one offered an exact measurement of the hole, plaintiff estimated it was two feet long and one-half to three-quarters of an inch deep.
The accident occurred around 2:30 p.m. on a bright, sunny and dry day. At trial, plaintiff stated she attempted to avoid the pothole because she knew it was in the general area but as she did, the edge of the hole gave way, causing her to fall. However, in her deposition, plaintiff maintained she never attempted to swerve out of the way of the hole. Also, plaintiff testified the pothole could not be seen until one was three to four inches from it. Her friend, Heather, who was with her at the time of the fall, also stated you could not see the hole until you were upon it. However, Heather admitted she had stated in a prior deposition that you could see the hole up to three feet away. We note the pictures of the area show the pothole to be visible from quite some distance away from several different angles.
*1149 Admittedly, the determination of the credibility of witnesses lies with the trier of fact. However, where the story itself is so internally inconsistent, a reviewing court may find manifest error in a finding based upon a credibility 14determination. Rosell v. ESCO, 549 So.2d 840 (La.1989). After reviewing the record, we cannot lend much credibility to the testimony of the plaintiff, which is full of contradictions to prior statements she made in her deposition.
With this in mind, we find plaintiff failed to prove by a preponderance of the evidence and the trial court was clearly wrong in concluding that the depression in the driveway was unreasonably dangerous. At the time of the accident, the day was sunny and dry. Plaintiff was obviously familiar with the driveway, having lived there for two months and travelling the driveway several times a week. She admitted she was aware of the pothole and had avoided it in the past. We note that not every imperfection is an unreasonably dangerous defect. Williams v. Orleans Parish School Bd., 541 So.2d 228 (La.App. 4th Cir.1989). Such indentations, as indicated by the photos, are irregularities caused by nature and ordinary wear and tear. Surely, unpaved driveways composed of gravel and shell are susceptible to natural erosion occasioned by the treacherous downpours experienced by our region. In addition, cars continuously drive up and down this driveway/walkway causing everyday wear and tear. We find an ordinary prudent person would have seen the pothole and successfully avoided it, which plaintiff had on so many previous occasions.
Additionally, in finding the defendant-landowner negligent, the trial court had to necessarily conclude that plaintiff proved by a preponderance of the evidence that defendant knew or should have known of the condition of the driveway. Importantly, the only reference to the landowner’s knowledge of the alleged defect was plaintiffs deposition wherein she stated that the defendant was aware of the condition of the driveway, because he had been notified by several residents. However, at trial, the record demonstrates no one testified they had notified the defendant of the potholes. In fact, while on the stand, defendant was never asked if he knew of the potholes, and, at no time, did plaintiff ever state that she herself notified defendant. Moreover, the record |5shows there was no testimony as to how often defendant frequented the property. Therefore, we commonsensibly conclude that the record is devoid of any facts to support defendant knew or should have known of the alleged defect.
Accordingly, from the entire record before us, we find that the trial court did not have a reasonable, factual basis for its factual conclusions, and it erred as a matter of law.
For the reasons assigned, the trial court’s judgment is hereby reversed and set aside. All costs of this appeal are to be assessed against the appellee.

REVERSED AND SET ASIDE.